Donald L. WILLIAMS, Sr.,
Plaintiff–Appellant,

v.

DEPARTMENT OF REHABILITATION AND CORRECTION; Reginald A. Wilkinson, Director; Richard Cain, Deputy Warden of Special Services; Sheila A. Downey, Inspector of Institutional Services; Dale East, Health and Safety Coordinator; Marie Coldiron, Health Assistant and/or Registered Nurse; John K. Arbogast, Assistant Chief Inspector, Defendants–Appellees.

No. 00–3062.

United States Court of Appeals, Sixth Circuit.

Feb. 5, 2001.

Before JONES, BATCHELDER, and CLAY, Circuit Judges.

### ORDER

Donald L. Williams, Sr., appeals pro se from a district court judgment that dismissed his civil rights action, filed under 42 U.S.C. § 1983. His appeal has been referred to a panel of this court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, the panel unanimously agrees that oral argument is not needed in this case. *See* Fed. R.App. P. 34(a).

Williams alleged that the defendants violated his rights by requiring him to give a blood sample while he was incarcerated in an Ohio prison. The sample was taken so that information regarding his DNA could be entered into a data bank of violent and/or sexual offenders. On December 28, 1998, the district court dismissed Williams's claims against the Ohio Department of Rehabilitation and Correction, as they were barred by the Eleventh Amendment. It granted the defendants' motion to dismiss the remainder of the case on December 7, 1999. Williams's motion for reconsideration was subsequently denied, and he now appeals.

A *de novo* review of the record shows that dismissal was appropriate because Williams did not allege a cognizable claim. *See* Fed.R.Civ.P. 12(b)(6). The disputed sample was collected on March 23, 1998, pursuant to Ohio Rev.Code § 2901.07, which had been enacted in 1995. However, Williams argues that § 2901.07 did not

become effective until March 30, 1998, when the director of rehabilitation and correction issued guidelines for drawing DNA blood samples in Policy 301–05. This argument is based on Ohio Rev.Code § 5120.01, which provides in pertinent part as follows:

> The director of rehabilitation and correction is the executive head of the department of rehabilitation and correction. All duties conferred on the various divisions and institutions of the department by law or by order of the director shall be performed under such rules and regulations as he prescribes, and shall be under his control. . . .

Thus, Williams argues that the defendants violated his right to due process because they were not authorized to take the sample before the director issued Policy 301–05. This argument is unavailing for several reasons.

■ First, while § 2901.07 requires certain inmates to submit blood samples, it does not require the director to issue a formal policy before those samples are collected. Indeed, the statute already outlines basic procedures for collecting the samples. Nothing in the statute prevents the samples from being collected under these general guidelines, even in the absence of a formal policy by the director. Furthermore, Williams has not alleged that his sample was collected in a way that would have violated the procedures that the director subsequently outlined in Policy 301–05.

■ Second, Williams's claim does not arise from a protected liberty interest. Instead, he primarily argues that the defendants failed to follow a purely procedural requirement which allegedly arises from §§ 2901.07 and 5120.01. However, "[p]rocess is not an end in itself. Its constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." *Olim v. Wakinekona*, 461 U.S. 238, 250, 103 S.Ct. 1741, 75 L.Ed.2d 813 (1983). Therefore, he does not have a constitutionally protected liberty interest in the procedural nuances of the state statutes that he cites. *See id.* at 249–51; *Levin v. Childers*, 101 F.3d 44, 46 (6th Cir.1996).

Third, Williams now asserts that the appellees "have tried to turn my issues into a liberty interest when in reality, it is a property interest of the 14th Amendment" (Reply Brief, p. 6). Thus, he has expressly abandoned any due process claim that he may have had based upon an alleged liberty interest. *See Buziashvili v. Inman*, 106 F.3d 709, 719 (6th Cir.1997).

■ Williams now argues that his due process claim is based on his property interest in the blood sample. This argument is unavailing because Williams has not cited any authority which shows that the sample involved anything more than a *de minimus* taking, which is not entitled to extensive due process protections. *See Dill v. City of Edmond, Okla.*, 155 F.3d 1193, 1207 (10th Cir.1998) (collecting cases). Thus, Williams was afforded adequate due process, as it is undisputed that he was provided with notice and an opportunity to be heard when the sample was taken.

Williams's appellate briefs do not contain any specific challenge to the district court's rationale for dismissing his claims against the Ohio Department of Rehabilitation, his claims under the Fourth, Fifth and Eighth Amendments, or his claims under the *Ex Post Facto* and Equal Protection Clauses of the Constitution. Hence, he has abandoned these claims for purposes of appellate review. *See Buziashvili*, 106 F.3d at 719. Nevertheless, we note that the district court properly found that all of Williams's claims were

418

lacking in substantive merit. *See Roe v. Marcotte,* 193 F.3d 72, 78–82 (2d Cir.1999); *Boling v. Romer,* 101 F.3d 1336, 1339–41 (10th Cir.1996).

Accordingly, the district court's judgment is affirmed. *See* Rule 34(j)(2)(C), Rules of the Sixth Circuit.