NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 07a0060n.06
Filed: January 24, 2007

No. 05-6760

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | ON APPEAL FROM THE |
| *Plaintiff-Appellee*, | ) | UNITED STATES DISTRICT |
| | ) | COURT FOR THE EASTERN |
| **v.** | ) | DISTRICT OF TENNESSEE |
| | ) | |
| **JIMMY S. BEAN,** | ) | **O P I N I O N** |
| | ) | |
| *Defendant-Appellant*. | ) | |

BEFORE:     MARTIN, COLE, and GILMAN, Circuit Judges.

**R. GUY COLE, JR., Circuit Judge.**  Defendant-Appellant Jimmy S. Bean appeals the

district court's order requiring him to provide a DNA sample incident to his federal drug conviction

and as a condition of his supervised release.  The DNA Analysis Backlog Elimination Act of 2000

(the "DNA Act" or "Act"), 42 U.S.C. §§ 14135a-14135d (2005), requires Bean to provide DNA

samples under these circumstances.  Bean contends that mandatory DNA sampling violates his

Fourth and Fifth Amendment rights.  For the reasons discussed below, we **AFFIRM** the district

court's order.

## I.  BACKGROUND

On February 2, 2004, Bean pleaded guilty to distributing crack cocaine in violation of 21

U.S.C. §§ 841(a)(1) and (b)(1)(C).  At the initial sentencing hearing on August 2, 2004, the district

court concluded Bean was a career offender under the United States Sentencing Guidelines. The district court imposed a prison term of 188 months, based upon a Guideline range of 188 to 235 months.

Bean appealed and, following the Supreme Court's decision in *United States v. Booker*, 543 U.S. 220 (2005), this Court granted the parties' joint motion to remand the case for resentencing under the now-advisory Guidelines. On October 31, 2005, the district court resentenced Bean to 151 months in prison and six years of supervised release. Additionally, a 2004 amendment to the DNA Act required Bean to provide a DNA sample to the Bureau of Prisons. The amended Act further required DNA samples as a condition of his supervised release. On appeal, Bean contends that this compulsory DNA sampling violates the Fourth and Fifth Amendments to the United States Constitution.

## II. DISCUSSION

### A.    The DNA Act

In 2000, Congress enacted the DNA Act, which required federal authorities to collect DNA samples from individuals in custody and while on probation, parole, or supervised release after being convicted of certain violent crimes. 42 U.S.C. § 14135a (2000). Under the Act, the Bureau of Prisons collects DNA samples from individuals in the Bureau's custody, and the probation offices collect DNA samples from individuals on probation, parole, or supervised release. 42 U.S.C. §§ 14135a(a)(1)(B), (a)(2) (2005). These entities then submit the DNA samples to the Federal Bureau of Investigation for inclusion in its Combined DNA Index System ("CODIS"). 42 U.S.C. § 14135a(b) (2005). An individual's failure to submit to DNA collection under the Act constitutes a

class A misdemeanor subject to punishment according to Title 18 of the United States Code. 42 U.S.C. § 14135a(a)(5) (2005). In 2004, Congress amended the Act, expanding the list of qualifying offenses to include "[a]ny felony." 42 U.S.C. § 14135a(d) (2005).

**B.      Bean's Challenges to the Act**

1.      Fourth-Amendment Challenge

After the briefs were filed in this appeal, the Court requested the parties file letter briefs addressing how this Court's decision in *United States v. Conley*, 453 F.3d 674 (6th Cir. 2006), which joins other circuits in holding the DNA Act constitutional under the Fourth Amendment, affects Bean's appeal. In his letter brief, Bean concedes that *Conley* forecloses his arguments, noting that "defendant is unable to point to any fact or authority materially distinguishing his appeal." He further states as follows: "Unless a different panel feels strongly enough to revisit the issue, or garner[s] enough votes to re-examine the issue en banc, defendant has no basis beyond what has already been presented to the Court in this case, or what was presented in *Conley*[,] to argue a different result is warranted." Thus, as Bean concedes, *Conley* forecloses his argument.

2.      Fifth-Amendment Challenge

Without relevant citation or analysis, Bean contended in his original brief that compulsory DNA sampling also violates his Fifth Amendment "right against self-incrimination, right against the unlawful taking of his property, and right to due process." Although Bean's subsequent letter brief does not make the point, *Conley* did not involve a Fifth Amendment challenge, so *Conley* does not foreclose this particular argument. Bean's Fifth Amendment challenge, however, is also without merit.

Bean did not raise his Fifth Amendment arguments in the district court. Accordingly, he must demonstrate that the district court committed plain error when ordering his DNA sample. *See United States v. Swanberg*, 370 F.3d 622, 627 (6th Cir. 2004) (holding that plain-error review applies where defendant did not raise sentencing objection in district court). But he fails to show error, plain or otherwise.

As an initial matter, because Bean provides no citations or substantive argument to support his Fifth Amendment argument, it is waived. *See Figueroa-Rubio v. INS*, 108 F.3d 110, 112 (6th Cir. 1997) (declining to address due-process argument where immigration petitioner failed to cite authority in support and mentioned the argument in passing only); *accord United States v. Hook*, __ F.3d __, No. 06-1362, 2006 U.S. App. LEXIS 30526, at *15 (7th Cir. Dec. 13, 2006) (holding that defendant waived Fifth Amendment due-process challenge to DNA Act by failing to provide "citation support or substantive argument").

Moreover, were this Court to reach the merits of this undeveloped argument, Bean would fare no better. First, the sampling does not violate Bean's right against self-incrimination. In *Schmerber v. California*, 384 U.S. 757 (1966), the Supreme Court held that blood-test evidence, although potentially incriminating, is neither testimony nor evidence relating to any communicative act and therefore does not implicate the Fifth Amendment privilege. *Id.* at 764-65. For this reason, the Seventh Circuit (in a decision citing this Court's *Conley* decision with approval) and Ninth Circuit recently held that requiring DNA samples under the DNA Act does not violate a defendant's Fifth Amendment right against self-incrimination. *United States v. Reynard*, __ F.3d __, No. 02-50476, 2007 U.S. App. LEXIS 665, at *32-33 (9th Cir. Jan. 12, 2007) (citing *Schmerber*, 384 U.S. 757);

*Hook*, __ F.3d at __, 2006 U.S. App. LEXIS 30526, at *15-16 (same); *accord Boling v. Romer*, 101 F.3d 1336, 1341 (10th Cir. 1996) (DNA samples are not testimonial in nature); *cf. Kyger v. Carlton*, 146 F.3d 374, 381 n.2 (6th Cir. 1998) (citing *United States v. Bridges*, 499 F.2d 179, 184 (7th Cir. 1974), for the proposition that "[s]wabbing, like drawing the defendant's blood in *Schmerber* . . . was not a violation of the Fifth Amendment's protection against self-incrimination, since the swabbing did not provide the state with evidence of a testimonial or communicative nature"). We reach the same conclusion.

Second, the sampling does not violate Bean's right against deprivation of property without due process. Due-process challenges to the Act have been consistently rejected by the courts. *See, e.g., United States v. Hugs*, 384 F.3d 762, 768-69 (9th Cir. 2004) (holding that condition of supervised release that requires DNA testing under the Act is not unconstitutionally vague and therefore meets procedural due-process requirements); *Johnson v. Quander*, 370 F. Supp. 2d 79, 89-93 (D.D.C. 2005) (holding that DNA Act violates neither substantive nor procedural due process under the Fifth Amendment), *aff'd*, 440 F.3d 489, 503 (D.C. Cir. 2006) (concluding that Fifth Amendment challenge to DNA Act is "without merit and do[es] not warrant separate discussion"). Indeed, this Court has held that providing an inmate with notice and an opportunity to be heard when a DNA blood sample is taken under Ohio's DNA-collection statute affords adequate procedural protections for the kind of "de minim[i]s" taking involved. *Williams v. Dep't of Rehab. & Corr.*, 3 F. App'x 415, 417 (6th Cir. 2001) (unpublished order).

In sum, Bean's Fifth Amendment challenges to the DNA Act also fail.

### III. CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's order requiring Bean's compulsory DNA sampling under the DNA Act.