JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Darryl Holloway, appeals his sentence. Finding no merit to the appeal, we affirm.
 {¶ 2} In August 2007, Holloway was charged with rape, kidnapping, and felonious assault. Pursuant to a plea agreement, he pled guilty to attempted rape and felonious assault. The remaining kidnapping count was nolled.
 {¶ 3} From the record, we glean the following facts surrounding the charges:
 {¶ 4} On March 17, 1999, the victim and Holloway met at a bar and danced. The victim later left the bar with her friend. The victim then stopped at a Salvation Army food line to get something to eat where she encountered Holloway again. He pulled her out of the line, grabbed her bag, and dragged her into a nearby dark alley. Holloway beat the victim, threatened to shoot her if she refused to have sex, and then "removed the victim's jeans and panties and had genital sex with her." The victim was later taken to the hospital where a rape kit was performed. Through DNA obtained and submitted to the Combined DNA Index System ("CODIS") data bank, Holloway was identified as the perpetrator.[1] *Page 4 
 {¶ 5} At the sentencing hearing, the trial court discussed at length the findings of the presentence investigation report ("PSI"), the victim's statement, and Holloway's extensive criminal record. In her statement, the victim indicated that since the rape she has had both her left and right hip bones replaced, which she believes are a direct result of the injuries she received at the time of the rape. The victim was not seeking restitution but asked the court to impose a sentence of at least 15 to 20 years in prison for Holloway. The trial court further heard from Holloway, who denied raping the victim and claimed that the sex was consensual, but admitted to beating the victim. He expressed remorse and explained that he was homeless and struggling with addiction at the time of the offenses.
 {¶ 6} The trial court sentenced Holloway to eight years in prison on each count, to run consecutively. Holloway appeals, raising a single assignment of error:
 {¶ 7} "The trial court erred when it did not follow the requirements of Ohio Revised Code Sections 2929.11 and 2929.12 when sentencing defendant-appellant."
 {¶ 8} As recently addressed by the Ohio Supreme Court in State v.Kalish, 120 Ohio St.3d 23, 2008-Ohio-4912, we review felony sentences by applying a two-prong approach. See, also, State v. Redding, 8th Dist. No. 90864, 2008-Ohio-5739, _7; State v. Snyder, 8th Dist. No. 90869,2008-Ohio-5586, _9. First, the Kalish court declared that we must "examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." Id. at _4. Second, "[i]f the first *Page 5 
prong is satisfied, the trial court's decision shall be reviewed under an abuse-of-discretion standard." Id. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable.State v. Adams (1980), 62 Ohio St.2d 151, 157.
 {¶ 9} After reviewing the record, we find that Holloway's sentence is neither contrary to law nor an abuse of discretion.
 {¶ 10} It is well established that under State v. Foster,109 Ohio St.3d 1, 2006-Ohio-856, trial courts are vested with full discretion to sentence a defendant to any sentence allowable by law and "are no longer required to make findings or give reasons for imposing maximum, consecutive, or more than the minimum sentences." Id. at paragraph seven of the syllabus. A trial court, however, must still consider the statutory factors set forth in R.C. 2929.11 and 2929.12 when imposing its sentence. State v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855;Kalish at ¶ 13.
 {¶ 11} R.C. 2929.11(A) sets forth the overriding purpose of felony sentencing in Ohio and provides in relevant part:
 {¶ 12} "A court that sentences an offender for a felony shall be guided by the overriding purposes of felony sentencing. The overriding purposes of felony sentencing are to protect the public from future crime by the offender and others and to punish the offender. To achieve those purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others *Page 6 
from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both."
 {¶ 13} R.C. 2929.12 provides a nonexhaustive list of factors a trial court shall consider when determining the seriousness of the offense and recidivism of the offender.
 {¶ 14} As recognized by the Kalish court, R.C. 2929.11 and 2929.12 are not fact-finding statutes; rather, they "serve as an overarching guide for trial judges to consider in fashioning an appropriate sentence." Id. at ¶ 17. "In considering these statutes in light of Foster, the trial court has full discretion to determine whether the sentence satisfies the overriding purposes of Ohio's sentencing structure." Id.
 {¶ 15} Contrary to Holloway's assertion, we find that the record overwhelmingly demonstrates that the trial court considered these factors when imposing a maximum, consecutive sentence. First, the trial court imposed a sentence within the permissible statutory range and properly applied postrelease control. Accordingly, Holloway's sentence is not contrary to law.
 {¶ 16} Second, in considering the factors of R.C. 2929.11 and 2929.12, the trial court discussed at length the seriousness of the underlying offense, the harm to the victim, and Holloway's extensive criminal history, which included previous prison sentences. Relying on the offense summary contained in the PSI, the trial court specifically found the underlying offense to be "one of the worst I have seen in nine years on the bench." The trial court further found compelling that the victim still "suffers from physical infirmities caused by that savage beating that [Holloway] gave *Page 7 
her." Based on the record, we find that the trial court considered the statutory factors and that the court did not abuse its discretion in imposing a maximum, consecutive sentence.
 {¶ 17} Accordingly, Holloway's sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
MELODY J. STEWART, P.J., and JAMES J. SWEENEY, J., CONCUR
[1] "In 2000, Congress enacted the DNA Act, which required federal authorities to collect DNA samples from individuals in custody and while on probation, parole, or supervised release after being convicted of certain violent crimes. 42 U.S.C. § 14135a (2000). Under the Act, the Bureau of Prisons collects DNA samples from individuals in the Bureau's custody, and the probation offices collect DNA samples from individuals on probation, parole, or supervised release.42 U.S.C. §§ 14135a(a)(1)(B), (a)(2) (2005). These entities then submit the DNA samples to the Federal Bureau of Investigation for inclusion in its [CODIS]. 42 U.S.C. § 14135a(b) (2005)." United States v. Bean (C.A.6, 2007), 214 Fed.Appx. 568, 570. *Page 1