THE STATE, EX REL. UBIENSKI, APPELLANT, *v.*
SHOEMAKER, CHIEF, ET AL., APPELLEES.

[Cite as State, ex rel. Ubienski, *v.* Shoemaker (1985), 17 Ohio St. 3d 145.]

(No. 84-1304—Decided May 29, 1985.)

*Joseph J. LoPresti* and *Paul Mancino, Jr.,* for appellant.
*Anthony J. Celebrezze, Jr.,* attorney general, and *Joseph Mancini,* for appellees.

*Per Curiam.* The sole issue before this court is whether appellant is entitled to a writ of mandamus compelling appellee to rescind their decision changing his parole eligibility date. Entitlement to a writ of mandamus requires that appellant show that he has a clear legal right to the relief prayed for, that appellee is under a clear legal duty to perform the act, and that he has no adequate legal remedy. Appellant is unable to demonstrate a clear legal right to retain his reformatory parole eligibility. Thus, he is not entitled to his requested writ of mandamus.

Appellant's parole eligibility has been properly determined with reference to R.C. 2967.25 and Ohio Adm. Code 5120:1-1:05(D)(1)(a). Contrary to appellant's argument, R.C. 2967.21 is inapplicable to the case at bar as it pertains to prisoners transferred from a reformatory to a penitentiary for administrative reasons. R.C. 2967.25 provides that:

"A person serving several indeterminate sentences consecutively becomes eligible for parole upon the expiration of the aggregate of the minimum terms of his several sentences diminished as provided in Section 2967.19 of the Revised Code."

Additionally, Ohio Adm. Code 5120:1-1-05(D)(1)(a) provides that:

"* * * A person sentenced to a reformatory who is subsequently sentenced to a consecutive term in the penitentiary for a crime committed * * * during confinement in the reformatory shall become eligible for parole at the expiration of the aggregate of the minimum terms of both sentences, diminished as provided in paragraph (A) of Rule 5120:1-1-03 of the Administrative Code."

Appellant was sentenced to six months to five years for escape, to be served consecutively with his ten-to-twenty-five year armed robbery sentence. The aggregate of the minimum terms of both sentences is ten years and six months. This minimum is diminished in Ohio Adm. Code 5120:1-1-03(A)(1)(a) to allow for parole eligibility after a prisoner has served six years, seven months and twenty-four days. Appellee served approximately one year and six months before his escape. Thus, when he was recaptured on July 27, 1982 he had five years, one month and twenty-four days, or until approximately September 1987, until he would become eligible for parole.

Furthermore, there is no merit in appellant's claim that the change in his parole eligibility date constitutes *ex post facto* imposition of punishment. Appellant has no constitutional or state-granted right to parole. *Greenholtz* v. *Nebraska Penal Inmates* (1979), 442 U.S. 1; *State, ex rel. Blake,* v. *Shoemaker* (1983), 4 Ohio St. 3d 42. He, therefore, has no right to retain the earliest scheduled hearing date for parole consideration. Since R.C. 2967.25, which governs parole eligibility when a prisoner is serving consecutive sentences, was in effect at the time appellant's crimes were committed, the change in appellant's parole eligibility date after his escape conviction was correct.

Accordingly, we affirm the judgment of the court of appeals denying appellant's complaint for a writ of mandamus.

*Judgment affirmed.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, C. BROWN, DOUGLAS and WRIGHT, JJ., concur.