THE STATE EX REL. HENDERSON, APPELLANT, *v.* OHIO DEPARTMENT
OF REHABILITATION AND CORRECTION, APPELLEE.

[Cite as *State ex rel. Henderson v. Ohio Dept. of
Rehab. & Corr.* (1998), 81 Ohio St.3d 267.]

(No. 97–2189—Submitted January 20, 1998—Decided March 18, 1998.)

*Darryl L. Henderson, pro se.*

***Per Curiam.*** Henderson asserts in his propositions of law that the court of appeals erred in denying the writ. Henderson contends that ODRC improperly modified his court-ordered reformatory sentence by refusing to consider him for parole after thirty-eight months of prison. Henderson's contention is meritless for the following reasons.

First, as the court of appeals correctly noted, in 1987, prior to Henderson's becoming eligible for parole consideration, the General Assembly eliminated the

distinction between penal institutions and reformatory institutions. R.C. 5120.03(B) ("The director of rehabilitation and correction, by executive order, issued on or before December 31, 1988, shall eliminate the distinction between penal institutions and reformatory institutions. Notwithstanding any provision of the Revised Code or the Administrative Code to the contrary, upon the issuance of the executive order, any distinction made between the types of prisoners sentenced to or otherwise assigned to the institutions under the control of the department shall be discontinued.").

Second, under the administrative rule governing minimum eligibility for parole consideration, Henderson was not eligible for parole until 1998. Ohio Adm.Code 5120:1–1–03.

Finally, application of the foregoing rule to Henderson, which he claims results in a change in his parole eligibility date, does not constitute *ex post facto* imposition of punishment. *State ex rel. Ubienski v. Shoemaker* (1985), 17 Ohio St.3d 145, 146, 17 OBR 349, 350, 478 N.E.2d 768, 769–770. Because Henderson has no constitutional or statutory right to parole, *State ex rel. Seikbert v. Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129–1130, he has no similar right to earlier consideration of parole. *Ubienski,* 17 Ohio St.3d at 146, 17 OBR at 350, 478 N.E.2d at 769–770.

Based on the foregoing, Henderson was not entitled to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.