[The opinion has been published in *Ohio Official Reports* at 81 Ohio St.3d 267.]

THE STATE EX REL. HENDERSON, APPELLANT, *v.* OHIO DEPARTMENT OF
REHABILITATION AND CORRECTION, APPELLEE.

[Cite as *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*,
**1998-Ohio-631.**]

*Mandamus to compel Ohio Department of Rehabilitation and Correction to
consider relator for parole—Writ denied, when.*

(No. 97-2189 — Submitted January 20, 1998 — Decided March 18, 1998.)

APPEAL from the Court of Appeals for Madison County, No. CA96-12-058.

—————————

{¶ 1} In 1985, the Montgomery County Court of Common Pleas convicted appellant, Darryl L. Henderson, of aggravated robbery, attempted murder, and accompanying firearm specifications, and sentenced him to consecutive terms of ten to twenty-five and seven to twenty-five years plus an additional consecutive term of three years of actual incarceration to be served prior to the other terms. The common pleas court ordered that Henderson's sentence be served in the Ohio State Reformatory. Shortly thereafter, Henderson was transferred from the reformatory to a penitentiary. Appellee, Ohio Department of Rehabilitation and Correction ("ODRC"), subsequently informed Henderson that he would not be considered for parole until 1998.

{¶ 2} In 1996, Henderson filed a complaint in the Court of Appeals for Madison County for a writ of mandamus to compel ODRC to consider him for parole. Henderson asserted that because he was sentenced to the reformatory rather than a penitentiary, he became eligible for parole consideration thirty-eight months after his sentence began. The court of appeals granted ODRC's motion for summary judgment, overruled Henderson's motion for summary judgment, and denied the writ.

**{¶ 3}** This cause is now before the court upon an appeal as of right.

_____

*Darryl L. Henderson, pro se.*

_____

**Per Curiam.**

**{¶ 4}** Henderson asserts in his propositions of law that the court of appeals erred in denying the writ. Henderson contends that ODRC improperly modified his court-ordered reformatory sentence by refusing to consider him for parole after thirty-eight months of prison. Henderson's contention is meritless for the following reasons.

**{¶ 5}** First, as the court of appeals correctly noted, in 1987, prior to Henderson's becoming eligible for parole consideration, the General Assembly eliminated the distinction between penal institutions and reformatory institutions. R.C. 5120.03(B) ("The director of rehabilitation and correction, by executive order, issued on or before December 31, 1988, shall eliminate the distinction between penal institutions and reformatory institutions. Notwithstanding any provision of the Revised Code or the Administrative Code to the contrary, upon the issuance of the executive order, any distinction made between the types of prisoners sentenced to or otherwise assigned to the institutions under the control of the department shall be discontinued.").

**{¶ 6}** Second, under the administrative rule governing minimum eligibility for parole consideration, Henderson was not eligible for parole until 1998. Ohio Adm.Code 5120:1-1-03.

**{¶ 7}** Finally, application of the foregoing rule to Henderson, which he claims results in a change in his parole eligibility date, does not constitute *ex post facto* imposition of punishment. *State ex rel. Ubienski v. Shoemaker* (1985), 17 Ohio St.3d 145, 146, 17 OBR 349, 350, 478 N.E.2d 768, 769-770. Because Henderson has no constitutional or statutory right to parole, *State ex rel. Seikbert v.*

*Wilkinson* (1994), 69 Ohio St.3d 489, 490, 633 N.E.2d 1128, 1129-1130, he has no similar right to earlier consideration of parole. *Ubienski*, 17 Ohio St.3d at 146, 17 OBR at 350, 478 N.E.2d at 769-770.

{¶ 8} Based on the foregoing, Henderson was not entitled to the requested extraordinary relief in mandamus. Accordingly, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

————————————