[This opinion has been published in *Ohio Official Reports* at 87 Ohio St.3d 580.]

THE STATE EX REL. MCCULLER, APPELLANT, *v.* GHEE, CHAIRPERSON, APPELLEE.

[Cite as *State ex rel. McCuller v. Ghee*, 2000-Ohio-249.]

*Parole—Revocation—Mandamus to compel Ohio Adult Parole Authority Chairperson to provide relator with an earlier parole hearing than one continued until year 2001—Denial of writ affirmed.*

(No. 99-1359—Submitted November 16, 1999—Decided January 26, 2000.)

APPEAL from the Court of Appeals for Madison County, No. CA99-02-005.

_____

{¶ 1} In 1980, the Cuyahoga County Court of Common Pleas convicted appellant, Charles D. McCuller, of two counts of rape, one count of attempted rape, and one count of felonious assault, and sentenced him to prison. McCuller was paroled on four separate occasions, the latest being May 1995. In July 1995, McCuller was arrested, and he was subsequently found to have violated his parole conditions. In October 1998, following a parole hearing, the parole board continued McCuller's next parole hearing until the year 2001. The parole board found that release was inappropriate, in part due to McCuller's four separate violations of his prison's disciplinary conduct rules since his 1995 arrest.

{¶ 2} In February 1999, McCuller filed a complaint in the Court of Appeals for Madison County for a writ of mandamus to compel appellee, Ohio Adult Parole Authority ("APA") Chairperson Margarette T. Ghee, to provide an earlier parole hearing. McCuller claimed that the Parole Board's decision to continue his next parole hearing until 2001 violated the APA's internal guidelines and constituted vindictive retaliation for his filing of a separate mandamus action in 1997 challenging the constitutionality of his last parole revocation hearing. The court of appeals granted Ghee's motion for summary judgment and denied the writ.

**{¶ 3}** This cause is now before the court upon an appeal as of right.

_____

*Charles D. McCuller, pro se.*

*Betty D. Montgomery*, Attorney General, and *Jihad M. Smaili*, Assistant Attorney General, for appellee.

_____

**Per Curiam.**

**{¶ 4}** McCuller asserts that the court of appeals erred in denying the writ. For the following reasons, McCuller's contentions lack merit.

**{¶ 5}** McCuller has no constitutional or statutory right to the earlier consideration of parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.* (1998), 81 Ohio St.3d 267, 268, 690 N.E.2d 887, 888. The APA's internal guidelines do not alter the discretionary nature of its parole determination. *State ex rel. Vaughn v. Ohio Adult Parole Auth.* (1999), 85 Ohio St.3d 378, 379, 708 N.E.2d 720, 721.

**{¶ 6}** Moreover, as the court of appeals observed, the fact that McCuller had been paroled on four previous occasions within a seven-year period did not support McCuller's claim that he was being treated differently from other inmates. The evidence establishes that the Parole Board did not act vindictively. Instead, the Parole Board was justifiably concerned that McCuller was a risk to society because of his history of four previous parole revocations and four violations of prison disciplinary conduct rules since his last revocation. See *Hattie v. Anderson* (1994), 68 Ohio St.3d 232, 235, 626 N.E.2d 67, 70-71.

**{¶ 7}** Based on the foregoing, we affirm the judgment of the court of appeals.

*Judgment affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.