DECISION AND JUDGMENT ENTRY
Noah Wright appeals the Scioto County Common Pleas Court's denial of his motion to withdraw his guilty plea and assigns the following errors:
FIRST ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUMMARILY OVERRULED APPELLANT'S WRIT OF ERROR CORAM NOBIS."
 SECOND ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRORED WHEN IT FAILED TO RECOGNIZE APPELLANT'S PLEA AGREEMENT AS A LEGALLY BINDING CONTRACT."
 THIRD ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRORED WHEN IT RULED CONTRARY TO BOTH FACT AND LAW."
 FOURTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRORED WHEN IT OVERRULED APPELLANT'S MOTION TO WITHDRAW GUILTY PLEA."
 FIFTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRORED WHEN IT FAILED ITS DUTY TO CORRECT A GROSS MANIFEST INJUSTICE."
 SIXTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT SUMMARILY OVERRULED ALL OTHER MOTIONS FILED."
 SEVENTH ASSIGNMENT OF ERROR
 "THE TRIAL COURT ERRORED WHEN IT SUMMARILY OVERRULED APPELLANT'S MOTION TO DISMISS CHARGES."
 Wright's Previous Appeals
In December 1992, Wright pled guilty to two counts of rape, each involving sexual conduct with his twelve year old daughter. As part of the plea agreement, the State dropped a third charge that alleged Wright aided and abetted Linda McCormick in engaging in sexual activity with his daughter. The trial court sentenced Wright to an indeterminate sentence of seven to twenty-five years in prison and a $300 fine on each count, with the sentences to run concurrently.
In Wright's initial appeal we affirmed his conviction. State v. Wright
(July 9, 1993), Scioto App. No. 93CA2110. There, Wright argued that the trial court violated his right to a speedy trial. Id. In his second appeal, we ruled that we had improvidently allowed Wright's motion for delayed appeal under App.R. 5. Therefore, we dismissed his second appeal. State v. Wright (March 25, 1994), Scioto App. No. 93CA2143.
Next, Wright filed an application to reopen his appeal. State v.Wright (July 29, 1994), Scioto App. No. 93CA2110. In his application, Wright did not delineate express assignments of error; instead he argued that his guilty plea was illegally obtained for several reasons. Among those reasons was that the trial court failed to inform him of his constitutional rights and that his trial counsel was ineffective. Id. Therefore, we considered whether Wright knowingly and voluntarily entered his guilty plea. In doing so we reviewed the transcript from the change of plea hearing. Id. In denying his application, we found that Wright was not coerced or threatened into entering his plea and that he was not promised anything in return for his guilty plea. Id.
Next, we addressed the trial court's dismissal of Wright's petition for post-conviction relief. State v. Wright (Dec. 30, 1998), Scioto App. No. 98CA2594. The trial court dismissed the petition because it was untimely. We affirmed the trial court's dismissal because Wright filed his petition over eighteen months late. Id. In rejecting Wright's petition, we interpreted Am.Sub.S.B. No. 4 and found that its timing requirements were not ex post facto laws. Id.
 Wright's Current Appeal
The trial court denied Wright's Crim.R. 32.1 motion to withdraw his guilty plea by stating that there was "nothing to substantiate the defendant's claim of a legally binding plea agreement other than his exaggerated, self-serving interests.[1]" Wright's appeal from that judgment marks the fifth time that he has presented an appeal to this court.
Generally, under Crim.R. 32.1, a trial court may grant a post-sentence motion to withdraw a guilty plea only to correct a manifest injustice. This standard permits a defendant to withdraw his guilty plea only in extraordinary cases. State v. Smith (1977), 49 Ohio St.2d 261, 264,361 N.E.2d 1324. A decision on a post-sentence motion to withdraw a guilty plea is committed to the sound discretion of the trial court.Id., paragraph two of the syllabus. Therefore, we will not reverse the trial court's decision absent an abuse of discretion. State v. Xie
(1992), 62 Ohio St.3d 521, 526, 584 N.E.2d 715. An abuse of discretion is more than an error of judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. State v. Clark,71 Ohio St.3d 466, 470, 1994-Ohio-43, 644 N.E.2d 331.
In a prior entry, we dismissed Wright's first and seventh assignments of error because he did not file a timely notice of appeal from the judgment that raised those purported errors. The remaining assignments of error are analyzed together since they all challenge the denial of Wright's motion to withdraw his guilty plea.
In his second assignment of error, Wright argues that the trial court's entry must be read to mean that there never was a plea agreement. That is simply not the case. We read the trial court's entry as finding that there is nothing to substantiate Wright's claim that the Adult Parole Authority (APA) or the Department of Rehabilitation and Corrections (DRC) violated his plea agreement. Wright did enter into a plea agreement with the State. But Wright's plea agreement did not include a promise to be released after seven years. Rather, the plea agreement consisted solely of Wright's promise to plead guilty to two counts of rape and the State's promise to drop the remaining charge of aiding and abetting another in committing rape. We agree with the trial court that there is no evidence that the State breached the plea agreement.
In his third and fourth assignments of error, Wright argues that the APA breached his plea agreement because he was not released after serving his minimum sentence of seven years. Notwithstanding Wright's self-serving allegations to the contrary, there is no evidence that the State ever promised Wright that he would be released after serving only seven years. The plea agreement noted in the record does not contain any reference to a release date. Moreover, parole decisions are discretionary. State ex rel. Hattie v. Goldhardt, 69 Ohio St.3d 123,125, 1994-Ohio-81, 630 N.E.2d 696, citing State ex rel. Blake v.Shoemaker (1983), 4 Ohio St.3d 42, 43, 446 N.E.2d 169. The APA's use of the new guidelines does not change their discretionary nature. Id.
At sentencing, the court told Wright that his sentence would range from seven to twenty-five years. Since there is no expectation or right to parole or early release, those sentenced to prison for indeterminate lengths of time have no right to release from prison upon completion of their minimum sentence. State ex rel. Bealler v. Ohio Adult ParoleAuthority, 91 Ohio St.3d 36, 2001-Ohio-231, 740 N.E.2d 1100; State exrel. Siekbert v. Wilkinson, 69 Ohio St.3d 489, 490, 1994-Ohio-39,633 N.E.2d 1128. Therefore, Wright does not have a right to release after serving seven years.
Wright also argues that he should be able to withdraw his guilty plea for two additional reasons. First, he argues that the APA's use of the new guidelines is unconstitutional because it amounts to an ex post facto imposition of punishment. Since an inmate has no constitutional or statutory right to parole, the Supreme Court has rejected the proposition that a change in parole eligibility amounts to an ex post facto imposition of punishment. State ex rel. Ubienski v. Shoemaker (1985),17 Ohio St.3d 145, 146, 478 N.E.2d 768. Second, he contends that DRC violated the plea agreement and his First Amendment rights by extracting a DNA blood sample by force and the threat of force. The plea agreement did not address or control these issues. R.C. 2901.07 provides for the "DNA testing of offenders sentenced to incarceration." The First Amendment does not address or prohibit submission of a DNA sample. See, also, Williams v. Dept. of Rehab. and Corr. (C.A.6, 2001), 3 Fed.Appx. 415 (upholding the constitutionality of R.C. 2901.07).
Wright's fifth assignment of error argues that his guilty plea was unconstitutional because it was not entered knowingly or voluntarily. The doctrine of res judicata bars the reconsideration of claims and issues that have already been determined or could have been determined, whether at trial or on appeal. State v. Perry (1967), 10 Ohio St.2d 175,226 N.E.2d 104, paragraph nine of the syllabus. We addressed the propriety of Wright's guilty plea in his third appeal. After we reviewed the record and transcript from the change of plea hearing, we found that his guilty plea was constitutional because it was entered knowingly and voluntarily. Therefore, neither we nor the trial court had any reason to revisit that issue now. Wrights fifth assignment of error is overruled.
Wright's sixth assignment of error argues that the trial court abused its discretion in summarily denying various pending motions, all of which relate to his motion to withdraw his guilty plea. A hearing on a post-sentence motion to withdraw a guilty plea is not required so long as the facts alleged by the defendant, and accepted as true by the trial court, would not require the court to allow the withdrawal of the plea.State v. Ellis (Aug. 3, 1999), Meigs App. No. 98CA13, citing State v.Blatnik (1984), 17 Ohio App.3d 201, 204, 478 N.E.2d 1016. See, also,State v. Wynn (1998), 131 Ohio App.3d 725, 728, 723 N.E.2d 627. Here, even if Wright's allegations were true, the trial court would not have been required to allow him to withdraw his guilty plea. Therefore, the trial court did not abuse its discretion by not holding an evidentiary hearing. Nor did it err in denying the motion for appointment of counsel as that right extends to the first appeal of right but not normally beyond it to subsequent proceedings like Wright's motion. State v.Carter, 93 Ohio St.3d 581, 582, 2001-Ohio-1614, 757 N.E.2d 362, quotingPennsylvania v. Finley (1987), 481 U.S. 551, 555, 107 S.Ct. 1990,95 L.Ed.2d 539.
Having dismissed or rejected all of Wright's assignments of error, we affirm the judgment of the trial court.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the JUDGMENT BE AFFIRMED and that the Appellee recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.
IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Ohio Supreme Court an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Ohio Supreme Court in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Ohio Supreme Court. Additionally, if the Ohio Supreme Court dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Kline, J.: Concurs in Judgment Only.
Evans, J.: Concurs in Judgment and Opinion.
[1] Crim.R. 32.1 states: "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."