[Cite as *State ex rel. Robinson v. Mohr*, 2018-Ohio-4127.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Dale Robinson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-106 |
| Gary C. Mohr Director ODRC et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

D E C I S I O N

Rendered on October 11, 2018

*Dale Robinson,* pro se.

*Michael DeWine,* Attorney General, and *Jared S. Yee,* for respondents.

IN MANDAMUS
ON OBJECTIONS TO THE MAGISTRATE'S DECISION

TYACK, J.

{¶ 1} Dale Robinson filed this action in mandamus, seeking a writ to compel the Ohio Adult Parole Authority ("APA") to remove a conviction he incurred in 2008 from consideration when it recommends or fails to recommend parole for him in the future.

{¶ 2} In accord with Loc.R. 13(M) of the Tenth District Court of Appeals the case was referred to a magistrate to conduct appropriate proceedings. Robinson submitted evidence and a brief. Counsel for the APA filed a motion for summary judgment. Robinson felt that the APA could not file for summary judgment after he had filed his brief and evidence. The magistrate, citing Civ.R. 56, found otherwise and considered the APA's motion on the merits.

{¶ 3}    Upon reviewing the merits, our magistrate found that no writ should be granted because the APA is required to consider past convictions when deciding to grant or deny parole.

{¶ 4}    Robinson has filed objections to the magistrate's decision.

{¶ 5}    Most of Robinson's objections center on legal procedures followed or not followed by the APA. Those procedures do not affect the merits, namely whether Robinson has a clear legal right to require the APA to disregard part of his past criminal record. Robinson has no such right.

{¶ 6}    Robinson also argues that the APA cannot consider his conduct in prison in deciding whether or not to grant parole. Robinson is incorrect on that assertion also.

{¶ 7}    Robinson's objections to the magistrate's decision are overruled. We adopt the findings of fact and conclusions of law contained in the magistrate's decision and deny the request for a writ of mandamus.

*Objections overruled; writ denied.*

KLATT and BRUNNER, JJ., concur.

_____

# A P P E N D I X

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Dale Robinson, | : | |
| Relator, | : | |
| v. | : | No. 18AP-106 |
| Gary C. Mohr Director ODRC et al., | : | (REGULAR CALENDAR) |
| Respondents. | : | |

### M A G I S T R A T E ' S   D E C I S I O N

### Rendered on June 27, 2018

*Dale Robinson,* pro se.

*Michael DeWine,* Attorney General, and *Jared S. Yee,* for respondents.

### IN MANDAMUS
### ON RESPONDENTS' MOTION FOR SUMMARY JUDGMENT

{¶ 8} Relator, Dale Robinson, has filed this original action requesting this court order respondents to remove a 2008 conviction from the records considered by the Ohio Adult Parole Authority ("APA") when the APA considers whether he is eligible for parole on grounds that he has served his sentence in that case and his conviction is no longer relevant and cannot be considered.

Findings of Fact:

{¶ 9} 1. Relator is an inmate currently incarcerated at Marion Correctional Institution.

{¶ 10} 2. In 1993, relator was convicted of two counts of aggravated trafficking of LSD and two counts of aggravated trafficking of marijuana in Scioto County under case No. 92CR-390.

{¶ 11} 3. Relator was sentenced to serve 3 to 15 years on each of the two counts of aggravated trafficking of LSD, to be served consecutively; 1 year and 6 months on each of the two counts of aggravated trafficking marijuana, to be served concurrently but consecutive to the LSD sentence. That sentence also carried a mandatory 5-year period of post-relief control.

{¶ 12} 4. Relator was released on parole on several occasions; however, due to violations, he was returned to prison.

{¶ 13} 5. In October 2008, relator plead guilty to felonious assault in the second degree in Scioto County under case No. 08CR-788. The trial court sentenced relator to a 5-year term, to run consecutive to relator's existing sentence of 6 to 30 years. The sentence also carried a mandatory period of post-relief control of 5 years.

{¶ 14} 6. Relator's minimum sentence expired September 14, 2013 and his maximum sentence expires on March 10, 2034.

{¶ 15} 7. On June 15, 2015, the parole board held a hearing and considered relator's fitness for parole. After considering the mandatory factors in Ohio Adm.Code 5120:1-1-07, the board provided the following rationale when it denied relator parole:

> The inmate does not demonstrate positive institutional conduct and he does not have strong community or family support. The inmate does not demonstrate any positive offender change or motivation. For those reasons, the Board does not find him suitable for release at this time.
>
> * * *
>
> There is substantial reason to believe that the inmate will engage in further criminal conduct, or that the inmate will not conform to such conditions of release as may be established under AR 5120:1-1-12.

{¶ 16} 8. Relator's next parole hearing is scheduled for June 1, 2020.

{¶ 17} 9. In his mandamus complaint, relator asserts that on August 6, 2015 he wrote a letter to respondent informing respondent that the parole board had considered

him for parole eligibility based on false or inaccurate information, specifically, his expired sentence of September 14, 2013.

{¶ 18} 10. Relator further alleged that, on August 31, 2015, respondent declined to correct the error.

{¶ 19} 11. Thereafter, relator filed this mandamus action asserting that respondent has a legal duty to correct and remove all erroneous information in his legal file, specifically, information concerning his sentence which expired September 14, 2013, as such cannot be used to deny him parole.

{¶ 20} 12. Pursuant to the magistrate's order filed April 4, 2018, the stipulation of evidence was to be filed by April 23, 2018, relator's brief by May 8, 2018, respondent's brief by May 29, 2018, and any reply brief by June 6, 2018.

{¶ 21} 13. On April 17, 2018 (six days early, relator filed an evidentiary package and, also on April 17, 2018 (21 days early), relator filed his brief.

{¶ 22} 14. Also on April 17, 2018, respondent filed a motion for summary judgment.

{¶ 23} 15. On April 26, 2018, relator filed a memorandum contra asserting respondent could not file a motion for summary judgment because relator had already filed evidence and his brief.

{¶ 24} 16. The matter is currently before the magistrate.

Conclusions of Law:

{¶ 25} For the reasons that follow, it is this magistrate's decision that this court should grant respondent's motion and grant judgment in its favor.

{¶ 26} As an initial matter, relator asserts that respondent could not file a motion for summary judgment because there was a briefing schedule in place which mandated the filing of evidence and briefs before the filing of any motion for summary judgment. Because respondent had not filed any evidence or brief, relator asserts respondent was precluded from filing a motion for summary judgment.

{¶ 27} Civ.R. 56 provides in relevant part:

> (B) For defending party. A party against whom a claim, * * * is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part of the claim, * * *. If the action has been set for

> pretrial or trial, a motion for summary judgment may be made only with leave of court.

{¶ 28} The only limitation for an adverse party filing a motion for summary judgment is if the matter has been set for pre-trial or trial. Neither had occurred here. Respondent's motion for summary judgment was timely filed and this argument of relator is rejected.

{¶ 29} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 30} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 31} In *State ex rel. Brust v. Mohr,* 10th Dist. No. 17AP-275, 2018-Ohio-1067, ¶ 23, this court stated:

> [R]elator cites the Supreme Court of Ohio's decision in [*State ex rel. Keith v. Ohio Adult Parole Auth.,* 141 Ohio St.3d 375, 2014-Ohio-4270] in support of his argument. Bernard Keith had filed a mandamus action asserting that the parole board was required to correct erroneous information contained in his records regarding the number of times he had been paroled, as well as other alleged inaccuracies. In finding that a writ of mandamus was appropriate, the Keith court stated:
>
> A prisoner has no constitutional or statutory right to parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 268, 1998-Ohio-631, 690 N.E.2d 887 (1998). Because there is no such right, a prisoner who is denied parole

is not deprived of liberty as long as state law makes the parole decision discretionary. *Id.* at 125. Under R.C. 2967.03, the parole decision in Ohio is discretionary. *Id.* And we have held that because a potential parolee was not deprived of life, liberty, or property by being denied parole, he could not invoke due process to challenge his allegedly inaccurate scoresheet. *State ex rel. Hattie v. Goldhardt*, 69 Ohio St.3d 123, 126, 1994-Ohio-81, 630 N.E.2d 696 (1994). Therefore, relying upon that authority, the court of appeals was not unreasonable in concluding that the parole board had no clear legal duty to correct Keith's records. *Id.*

*Keith* cites *Layne v. Ohio Adult Parole Auth.*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, to support his argument that he has a right to a corrected record. * * *

* * * *Layne* establishes a minimal standard for the OAPA, that is, that statutory language "ought to mean something." *Id.* at ¶ 27. At issue in *Layne* were the words "eligible for parole" in former R.C. 2967.13(A). We held there that inherent in the language is "the expectation that a criminal offender will receive meaningful consideration for parole." *Id.*

* * *

Inherent in the language of Ohio Adm.Code 5120:1-1-07(B) is that the board must consider various reports and "other relevant written information" pertaining to the inmate whose parole is being considered. The existence of this formal process for considering parole rightly gives parolees some expectation that they are to be judged on their own substantively correct reports. Requiring the board to consider specific factors to determine the parolee's fitness for release would not mean anything if the board is permitted to rely on incorrect, and therefore irrelevant, information about a particular candidate.

* * *

* * * [H]aving set up the system and defined at least some of the factors to be considered in the parole decision, the state has created a minimal due-process expectation that the factors considered at a parole hearing are to be as described in the statute or rule and are to actually and accurately pertain to the prisoner whose parole is being considered.

> We recognize that the OAPA's discretion in parole matters is wide-ranging. *Layne*, 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 28, citing *State ex rel. Lipschutz v. Shoemaker*, 49 Ohio St.3d 88, 90, 551 N.E.2d 160 (1990). R.C. 2967.03 vests discretion in OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However, as in *Layne*, that discretion must yield to statutory or regulatory requirements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate.
>
> This is not to say that the OAPA must conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy, nor does it mean that the OAPA must credit every unsupported allegation by a prisoner that the information is inaccurate.
>
> But where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner.

(Emphasis sic.) *Keith* at ¶ 19-28.

{¶ 32} Relator argues that ODRC is required to collect and update his institutional file by removing the expired sentence from his legal file under ODRC policy 07-ORD-12 and then reconsider its decision concerning his eligibility for parole. ODRC policy 07-ORD-12 states:

> It is the policy of the Ohio Department of Rehabilitation and Correction (DRC) to compile, manage, maintain and update each BOSC Legal File accurately and in a standardized manner.
>
> * * *
>
> B. All information pertaining to an offender's calculation of his/her sentence documenting that the time is accurately computed and recorded in conformance with applicable

statutes and regulations shall be maintained in the BOSC Legal File.

* * *

D. The Bureau of Sentence Computation (BOSC) shall be responsible for maintaining, updating, and reviewing the Legal File to ensure it is current and accurate.

* * *

F. The content of the Legal File shall be as follows:

[One] A copy of all official documents pertaining to the offender's incarceration, e.g. Commitment Papers, Indictment or Bill of Information, Journal Entries and Certified Copies of Sentence.

{¶ 33} Contrary to relator's argument, nothing in ODRC policy 07-ORD-12 necessitates the removal of his 2008 criminal case from his administrative record. While relator does not contest the validity or accuracy of the 2008 criminal case, he wrote to the parole board asking them to remove this allegedly improper information from his administrative record. The board investigated relator's allegation of inaccuracy and determined relator's request did not meet the standard for reconsideration. Furthermore, Ohio Adm.Code 5120:1-1-07 provides the following factors to be considered in a release hearing. Those factors include the following:

(B) In considering the release of the inmate, the parole board shall consider the following:

* * *

(2) Any official report of the inmate's prior criminal record, including a report or record of earlier probation or parole;

* * *

(18) Any other factors which the board determines to be relevant.

{¶ 34} As above indicated, respondents are obligated to consider relator's criminal convictions. As such, not only is the information relator wants to have removed accurate

and does not fall under the pronouncement in *State ex rel. Keith v. Ohio Adult Parole Auth.,* 141 Ohio St.3d 375, 2014-Ohio-4270, that information is specifically required to be considered.

{¶ 35} Based on the foregoing, it is this magistrate's decision that this court should grant respondents' motion for summary judgment and deny relator's request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).