[Cite as *State ex rel. Newell v. Adult Parole Auth.*, 2019-Ohio-1138.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State ex rel. Timothy Newell, | : | |
| Relator, | : | |
| v. | : | No. 18AP-527 |
| Ohio Adult Parole Authority,<br>Andre Imbrogno, Chairman, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

---

### D E C I S I O N

Rendered on March 28, 2019

---

*Timothy Newell,* pro se.

[*Dave Yost*]*,* Attorney General, and *Kelly N. Brogan,* for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S DECISION

KLATT, P.J.

{¶ 1} Relator, Timothy Newell, commenced this original action in mandamus in the Ninth District Court of Appeals, Lorain County, Ohio, seeking an order compelling respondent, the Ohio Adult Parole Authority ("OAPA"), to correct allegedly inaccurate information in his parole records and to order the OAPA to grant him a new parole hearing.

{¶ 2} Relator's complaint sets forth three separate claims. By journal entry dated May 23, 2017, the Ninth District Court of Appeals dismissed relator's first two claims pursuant to Civ.R. 12(B)(6) for failure to state a claim. The parties then filed cross-motions for summary judgment that addressed relator's remaining third claim for relief. Relator

also filed a motion requesting reconsideration of the dismissal of his first and second claims for relief.

{¶ 3} Without ruling on the pending cross-motions for summary judgment or relator's motion for reconsideration, the Ninth District concluded that proper venue for the action was in Franklin County. Therefore, the Ninth District entered an order transferring the case to this court.

{¶ 4} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto. The magistrate addressed the three claims set forth in relator's complaint, even though the Ninth District had previously dismissed the first two claims. The magistrate found that (1) the allegedly inaccurate information referenced in Count 1 (kidnapping convictions) was not inaccurate; (2) the allegedly inaccurate information referenced in Count 2 (his aggregate sentence) was not inaccurate; and (3) the allegedly inaccurate information referenced in Count 3 (relator's past participation in risk relevant programming) was corrected in the OAPA's May 7, 2018 Decision and Minutes. Therefore, the magistrate has recommended that we grant OAPA's motion for summary judgment and deny relator's request for a writ of mandamus.

{¶ 5} Relator has filed objections to the magistrate's decision. In his first objection, relator argues that the magistrate failed to recognize that the Ninth District previously dismissed his first two claims and that the pending cross-motions for summary judgment addressed only his third claim. Relator also argues that the magistrate should have addressed his pending motion for reconsideration of the decision dismissing his first and second claims for relief. Therefore, relator contends that the magistrate erred.

{¶ 6} We agree with relator that the magistrate does not expressly mention the Ninth District's prior dismissal of relator's first and second causes of action nor relator's motion for reconsideration of that decision. Nevertheless, we find no merit to relator's first objection.

{¶ 7} As relator recognizes, the Ninth District's dismissal of his first and second claims for relief was interlocutory in nature. Therefore, the magistrate could, and did, revisit the issues raised in OAPA's motion to dismiss the first and second claims, relator's

response thereto, and his motion for reconsideration of the dismissals, all of which are part of the record.

{¶ 8} As noted by the magistrate, a jury found relator guilty of multiple counts of rape and kidnapping as well as other serious offenses in multiple criminal cases. On appeal, an appellate court found that the kidnapping and rape convictions were allied offenses. Therefore, relator was sentenced on the multiple rape counts but not on the multiple kidnapping counts. The kidnapping convictions were subsequently vacated because they were allied offenses.

{¶ 9} In his first claim for relief, relator challenged the OAPA's characterization of the kidnapping counts. However, relator has filed a copy of the most recent parole board Decision and Minutes from his May 7, 2018 hearing. This decision listed relator's multiple convictions but expressly noted that the kidnapping counts were "inactive." Therefore, the OAPA recognized that the kidnapping counts were treated differently from the list of convictions. We agree with the magistrate that relator has not clearly shown that OAPA's listing of the kidnapping counts as "inactive" was inaccurate, and we dismiss relator's first claim for relief for failure to state a claim.

{¶ 10} In relator's second claim for relief, he alleged that the OAPA misstated his aggregate sentence in its April 15, 2013 Decision and Minutes denying him parole when it showed his aggregate sentence as 107-375 years. However, relator also filed the OAPA Decision and Minutes from its May 7, 2018 parole hearing that indicated relator's aggregate sentence was 15-375 years. After reviewing the June 26, 1996 judgment and sentencing entry in Cuyahoga C.P. Nos. 040130/040174 as well as the sentencing entry in Cuyahoga C.P. No. CR44231, both of which are attached to relator's complaint, we find that the OAPA has corrected the misstatement in its April 15, 2013 Decision and Minutes and accurately stated relator's aggregate sentence in its Decision and Minutes from his May 7, 2018 parole hearing (15-375 years).[1] Therefore, we dismiss relator's second claim for relief for failure to state a claim.

---

[1] As noted by the magistrate, former R.C. 2929.41 provided that consecutive terms of imprisonment shall not exceed the aggregate minimum term of 15 years when the consecutive terms imposed are felonies other than aggravated murder or murder.

{¶ 11} Because we find that relator's first and second claims for relief are properly dismissed, we overrule relator's first objection.

{¶ 12} In his second objection, relator argues that the magistrate erred by finding that the OAPA correctly listed his aggregate sentence as 15-375 years because "[r]espondents have no authority to execute a sentence of '15-375 years' * * * that has not been ordered to be served in a prison institution, by the trial court's sentencing journal entry." It appears relator is attacking the validity of his underlying prison sentence—not whether the OAPA has accurately stated his aggregate sentence in its records. This claim is not alleged in relator's complaint. In addition, relator raised this argument in a previous appeal and the Eighth District Court of Appeals rejected it. *State ex rel. Newell v. Gaul*, 8th Dist. No. 98326, 2012-Ohio-4068. For these reasons, we overrule relator's second objection.

{¶ 13} Following an independent review of this matter, we adopt those portions of the magistrate's findings of fact and conclusions of law that are not inconsistent with this decision. We (1) dismiss relator's first and second claims for relief for failure to state a claim; and (2) grant summary judgment in favor of OAPA on relator's third claim for relief. Relator's request for a writ of mandamus is denied.

*Writ of mandamus denied; case dismissed.*

BRUNNER and McGRATH, JJ., concur.

McGrath, J., retired, of the Tenth Appellate District, assigned to active duty under authority of Ohio Constitution, Article IV, Section 6(C).

## APPENDIX

### IN THE COURT OF APPEALS OF OHIO

### TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| The State ex rel. Timothy Newell, | : | |
| Relator, | : | |
| v. | : | No. 18AP-527 |
| Ohio Adult Parole Authority, Andre Imbrogno, Chairman, | : | (REGULAR CALENDAR) |
| | : | |
| Respondent. | : | |
| | : | |

### M A G I S T R A T E ' S   D E C I S I O N

#### Rendered on September 13, 2018

*Timothy Newell,* pro se.

*Michael DeWine,* Attorney General, and *Kelly N. Brogan,* for respondent.

### IN MANDAMUS
### ON MOTIONS FOR SUMMARY JUDGMENT

{¶ 14} Relator, Timothy Newell, filed this original action requesting this court issue a writ of mandamus ordering respondent, the Ohio Adult Parole Authority ("OAPA"), to correct allegedly incorrect information in his parole records, and to order respondent to provide him with a new parole hearing.

Findings of Fact:

{¶ 15} 1. Relator is an inmate currently incarcerated at the Grafton Correctional Institution in Lorain County following convictions for rape, aggravated robbery, gross

sexual imposition, felonious sexual penetration, felonious assault, escape, and possession of criminal tools.

{¶ 16} 2. On September 6, 2016, relator filed this mandamus action in the Lorain County Court of Appeals.

{¶ 17} 3. Ultimately finding that it did not have jurisdiction in mandamus to hear relator's mandamus case, the matter was transferred to this court and refiled June 29, 2018.

{¶ 18} 4. Relator asserts the OAPA abused its discretion as follows: (1) by indicating that he had been convicted of kidnapping when that portion of the conviction had been vacated; (2) relying on inaccurate information regarding his sentence; and (3) failing to note that he had engaged in risk relevant programming.

{¶ 19} 5. Respondent had filed a motion to dismiss in Lorain County and both parties filed motions for summary judgment.

{¶ 20} 6. Relator attached relevant records to his petition for a writ of mandamus, both parties attached relevant documents to their motions for summary judgment, and relator recently filed the May 7, 2018 decision of respondent again denying him parole.

{¶ 21} 7. The matter is before the magistrate on the parties' motions for summary judgment.

Conclusions of Law:

{¶ 22} For the reasons that follow, it is this magistrate's decision that this court should deny relator's motion for summary judgment and grant the motion of respondent for summary judgment.

{¶ 23} The Supreme Court of Ohio has set forth three requirements which must be met in establishing a right to a writ of mandamus: (1) that relator has a clear legal right to the relief prayed for; (2) that respondent is under a clear legal duty to perform the act requested; and (3) that relator has no plain and adequate remedy in the ordinary course of the law. *State ex rel. Berger v. McMonagle*, 6 Ohio St.3d 28 (1983).

{¶ 24} A motion for summary judgment requires the moving party to set forth the legal and factual basis supporting the motion. To do so, the moving party must identify portions of the record which demonstrate the absence of a genuine issue of material fact. *Dresher v. Burt*, 75 Ohio St.3d 280 (1996). Accordingly, any party moving for summary judgment must satisfy a three-prong inquiry showing: (1) that there is no genuine issue as

to any material facts; (2) that the parties are entitled to judgment as a matter of law; and (3) that reasonable minds can come to but one conclusion, which conclusion is adverse to the party against whom the motion for summary judgment is made. *Harless v. Willis Day Warehousing Co.*, 54 Ohio St.2d 64 (1978).

{¶ 25} Relator relies on the Supreme Court of Ohio's decision in *State ex rel. Keith v. Ohio Adult Parole Auth.,* 141 Ohio St.3d 375, 2014-Ohio-4270, to assert that he has a clear legal right to a meaningful parole consideration hearing based on correct information, that respondent has a corresponding clear legal duty to correct errors and falsehoods from the record, and conduct a new hearing without consideration of false information. In that case, Bernard R. Keith, an inmate, requested a writ of mandamus ordering OAPA and Cynthia Mausser, former Chair of the Ohio Parole Board, to correct erroneous information in his records. In determining that a writ of mandamus should issue, the *Keith* court explained:

> A prisoner has no constitutional or statutory right to parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.,* 81 Ohio St.3d 267, 268, 1998 Ohio 631, 690 N.E.2d 887 (1998). Because there is no such right, a prisoner who is denied parole is not deprived of liberty as long as state law makes the parole decision discretionary. *Id.* at 125. Under R.C. 2967.03, the parole decision in Ohio is discretionary. *Id.* And we have held that because a potential parolee was not deprived of life, liberty, or property by being denied parole, he could not invoke due process to challenge his allegedly inaccurate scoresheet. *State ex rel. Hattie v. Goldhardt,* 69 Ohio St.3d 123, 126, 1994 Ohio 81, 630 N.E.2d 696 (1994). Therefore, relying upon that authority, the court of appeals was not unreasonable in concluding that the parole board had no clear legal duty to correct Keith's records. *Id.*
>
> Keith cites *Layne v. Ohio Adult Parole Auth.,* 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, to support his argument that he has a right to a corrected record. In that case, the OAPA used a formula for projecting an inmate's earliest possible release on parole. The formula relied on two numbers, one of which reflected the inmate's "offense category score." The inmates in Layne had been assigned incorrect offense category scores, resulting in potential release dates that were substantially later than the dates that would have resulted from the correct scores. We held that by assigning each inmate a score corresponding to an offense more serious than the offense for which he was actually

convicted, the OAPA breached the state's plea agreement with the inmate. *Id.* at ¶ 25.

While none of the errors alleged here breached a plea agreement as they did in *Layne, Layne* establishes a minimal standard for the OAPA, that is, that statutory language "ought to mean something." *Id.* at ¶ 27. At issue in *Layne* were the words "eligible for parole" in former R.C. 2967.13(A). We held there that inherent in the language is "the expectation that a criminal offender will receive meaningful consideration for parole." *Id.*

Here, the language at issue involves the procedures relating to parole of a prisoner. The regulation setting forth the procedure for parole requires that in deciding on release of an inmate, the parole board is to consider numerous factors, including:

(1) Any reports prepared by any institutional staff member relating to the inmate's personality, social history, and adjustment to institutional programs and assignments;

(2) Any official report of the inmate's prior criminal record, including a report or record of earlier probation or parole;

(3) Any presentence or postsentence report;

(4) Any recommendations regarding the inmate's release made at the time of sentencing or at any time thereafter by the sentencing judge, presiding judge, prosecuting attorney, or defense counsel and any information received from a victim or a victim's representative;

(5) Any reports of physical, mental or psychiatric examination of the inmate;

(6) Such other relevant written information concerning the inmate as may be reasonably available, except that no document related to the filing of a grievance under rule 5120-9-31 of the Administrative Code shall be considered;

(7) Written or oral statements by the inmate, other than grievances filed under rule 5120-9-31 of the Administrative Code.
Ohio Adm.Code 5120:1-1-07(B). As in *Layne,* this language "ought to mean something."

Inherent in the language of Ohio Adm.Code 5120:1-1-07(B) is that the board must consider various reports and "other relevant written information" pertaining to the inmate whose parole is being considered. The existence of this formal process for considering parole rightly gives parolees some expectation that they are to be judged on *their own* substantively correct reports. Requiring the board to consider specific factors to determine the parolee's fitness for release would not mean anything if the board is permitted to rely on incorrect, and therefore irrelevant, information about a particular candidate.

Our decision today does not overrule the holding in *Henderson,* 81 Ohio St.3d 267, 1998 Ohio 631, 690 N.E.2d 887, and similar cases. Keith and other prisoners still have "no constitutional or statutory right to parole." *Id.* at 268. *See also State ex rel. Seikbert v. Wilkinson,* 69 Ohio St.3d 489, 490, 1994 Ohio 39, 633 N.E.2d 1128 (1994). A state may set up a parole system, but it has no duty to do so. *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex,* 442 U.S. 1, 7, 99 S.Ct. 2100, 60 L.Ed.2d 668 (1979). Having established a parole system, the state may design that system to be entirely discretionary, and the state "may be specific or general in defining the conditions for release and the factors that should be considered by the parole authority." *Id.* at 8. Moreover, there need be no "prescribed or defined combination of facts which, if shown, would mandate release on parole." *Id.* As mentioned above, Ohio's system is entirely discretionary and creates no expectation of parole and no due-process right to parole itself.

However, having set up the system and defined at least some of the factors to be considered in the parole decision, the state has created a minimal due-process expectation that the factors considered at a parole hearing are to be as described in the statute or rule and are to actually and accurately pertain to the prisoner whose parole is being considered.

We recognize that the OAPA's discretion in parole matters is wide-ranging. *Layne,* 97 Ohio St.3d 456, 2002-Ohio-6719, 780 N.E.2d 548, ¶ 28, citing *State ex rel. Lipschutz v. Shoemaker,* 49 Ohio St.3d 88, 90, 551 N.E.2d 160 (1990). R.C. 2967.03 vests discretion in OAPA to "grant a parole to any prisoner for whom parole is authorized, if in its judgment there is reasonable ground to believe that * * * paroling the prisoner would further the interests of justice and be consistent with the welfare and security of society." However,

> as in *Layne,* that discretion must yield to statutory or regulatory requirements. Therefore, we hold that in any parole determination involving indeterminate sentencing, the OAPA may not rely on information that it knows or has reason to know is inaccurate.
>
> This is not to say that the OAPA must conduct an extensive investigation on the information it reviews for every prisoner to ensure accuracy, nor does it mean that the OAPA must credit every unsupported allegation by a prisoner that the information is inaccurate.
>
> But where there are credible allegations, supported by evidence, that the materials relied on at a parole hearing were substantively inaccurate, the OAPA has an obligation to investigate and correct any significant errors in the record of the prisoner.

*Id.* at 378-80.

{¶ 26} Pursuant to the decision in *Keith,* the magistrate must consider whether relator has made a showing that there may be substantive errors in the record that may influence OAPA's consideration of parole. The magistrate finds that relator has not made that showing.

{¶ 27} Relator first asserts the OAPA abused its discretion by considering that he had been guilty of kidnapping. Relator was originally charged with several counts of kidnapping as well as several counts of rape. The jury found relator guilty of both kidnapping and rape, and the trial court sentenced him accordingly. On appeal, the appellate court found that the counts of kidnapping and rape were allied offenses and, as such, relator could only be sentenced for one of them and not both. The matter was remanded to the trial court for resentencing. Relator argues that, in light of the above, respondent cannot consider the fact that he kidnapped his victims. The magistrate disagrees.

{¶ 28} It is undisputed that relator restrained his victims of their liberty in order to rape them. The fact that kidnapping them was incidental to raping them does not mean that he did not restrain them of their liberty; it only means he cannot be sentenced for both kidnapping and rape. Relator's assertions do not reflect the court's rationale in *Keith* as the information is not inaccurate.

{¶ 29} Relator next asserts the OAPA did not properly consider his sentence. Specifically, relator points out that the parole board decision and minutes from the April 15, 2013 hearing, show his aggregate sentence as follows: "107-375 years."

{¶ 30} Former R.C. 2929.41provided that consecutive terms of imprisonment shall not exceed the aggregate minimum term of 15 years when the consecutive terms imposed are for felonies other than aggravated murder or murder. The Ohio Department of Rehabilitation and Correction records properly show that relator's sentence is 15 to 375 years. The parole records accurately reflect the minimum number of years to which the trial court actually sentenced relator. As such, the information is not inaccurate.

{¶ 31} Last, relator argues that, under respondent's rationale for denying him parole in 2013, respondent stated: "Offender Newell has not engaged in risk relevant programing to reduce his risk of re offending." Relator asserts he did engage in some relevant programming in 1992, 1993, and 2002. Respondent asserts it had considered the relevant programming in which relator had participated when his parole was considered and denied earlier. Respondent indicates that its records at the 2013 parole hearing reflect that, in the time since he had last been denied parole, relator had not participated in any relevant programming. Relator does not assert that he has participated in any programming since 2002. As such, between 2002 and 2013 (nine years), relator did not participate in any relevant programming which may have positively impacted the chance that the parole board would grant him parole. The magistrate finds that relator's arguments do not rise to the level considered in *Keith* and do not warrant the granting of a writ of mandamus.

{¶ 32} After this case was transferred to this court, relator filed a copy of the most recent parole board decision and minutes from the May 7, 2018 hearing. Those records now indicate that relator's aggregate sentence is 15 to 375 years which reflects the impact of R.C. 2929.41and also indicate that relator "has engaged in some risk relevant programing." As such, the minutes do now reflect that relator had engaged in some relevant programming during the term of his incarceration; however, that does not change the fact that he had not engaged in any recently.

{¶ 33} The magistrate finds that this court should deny relator's request for a writ of mandamus for two reasons: (1) the statements in the parole board minutes do not rise to the level of inaccuracies contemplated by *Keith* and do not warrant the issuance of a writ of

mandamus, and (2) to the extent that relator would have continued to perceive that there were inaccuracies in the parole board minutes, the parole board has modified those findings in a manner that should allay any concerns relator has that the information is inaccurate.

{¶ 34} Based on the foregoing, it is this magistrate's decision that relator's motion for summary judgment should be denied while respondent's motion for summary judgment should be granted. Finding that relator has failed to demonstrate that he has a clear legal right and that respondent has a clear legal duty, he is not entitled to the relief he requests and this court should deny his request for a writ of mandamus.

/S/ MAGISTRATE
STEPHANIE BISCA

**NOTICE TO THE PARTIES**

Civ.R. 53(D)(3)(a)(iii) provides that a party shall not assign as error on appeal the court's adoption of any factual finding or legal conclusion, whether or not specifically designated as a finding of fact or conclusion of law under Civ.R. 53(D)(3)(a)(ii), unless the party timely and specifically objects to that factual finding or legal conclusion as required by Civ.R. 53(D)(3)(b).