[Cite as *State v. Boyd*, 2022-Ohio-4749.]

# IN THE COURT OF APPEALS OF OHIO

## SEVENTH APPELLATE DISTRICT
## MAHONING COUNTY

STATE OF OHIO,

Plaintiff- Appellee,

v.

ROBERT BOYD,

Defendant- Appellant.

---

**OPINION AND JUDGMENT ENTRY**
**Case No. 20 MA 0131**

---

Application for Reconsideration

**BEFORE:**
Carol Ann Robb, Gene Donofrio, Cheryl L. Waite, Judges.

---

**JUDGMENT:**
Denied.

---

*Atty. Paul J. Gains,* Mahoning County Prosecutor, *Atty. Ralph M. Rivera,* Assistant Chief, Criminal Division, Mahoning County Prosecutor's Office, 21 West Boardman Street, 6th Floor, Youngstown, Ohio 44503, for Plaintiff-Appellee and

*Robert W. Boyd*, *pro se*, P.O. Box 300, Orient, Ohio 43146 Defendant-Appellant.

**Dated:** December 23, 2022

**PER CURIAM.**

{¶1} On October 17, 2022, Defendant-Appellant Robert Boyd filed an application for reconsideration of our September 30, 2022 decision affirming his convictions entered after a jury trial in the Mahoning County Common Pleas Court. For the following reasons, the application is denied.

{¶2} An application for reconsideration shall be filed "no later than ten days after the clerk has both mailed to the parties the judgment or order in question and made a note on the docket of the mailing as required by App. R. 30(A)." App.R. 26(A)(1)(a). The cited App.R. 30(A) provides: "Notice of Orders or Judgments. Immediately upon the entry of an order or judgment, the clerk shall serve by mail a notice of entry upon each party to the proceeding and shall make a note in the docket of the mailing. Service on a party represented by counsel shall be made on counsel."

{¶3} Appellant's application says the date the clerk noted the mailing on the docket was "October 3, 2015" (clearly, he meant to say 2022.) However, this October 3 date is not supported by the official docket of the Mahoning County Clerk of Courts.[1] On the same September 30, 2022 date our judgment was filed, the clerk issued notice of the judgment to Appellant's counsel through its electronic filing system and made a note on the docket of this electronic mailing. Any application for reconsideration was due on Tuesday, October 11, 2022 (as Monday was Columbus Day). However, Appellant's application was not filed until October 17, 2022.

{¶4} The introduction to Appellant's application says, "this October 5, 2022 application is timely since it was mailed within the 10-day time limit." Rather than use Mahoning County's e-filing system, Appellant attached his signed "declaration" to the end of the application, declaring it was placed in the prison mailing system on October 5, 2022. A separate page contains a notarization generally stating, "Sworn to or affirmed and subscribed before me by Robert Boyd" on October 5, 2022.

{¶5} Pursuant to App.R. 14(C), "Whenever a party has the right or is required to do some act or take some proceedings within a prescribed period after service of a notice

---

[1] We note a copy of the opinion was posted on the Ohio Supreme Court's website on October 3, 2022.

Case No. 20 MA 0131

or other document upon that party and the notice or paper is served upon the party by mail or commercial carrier service under App.R. 13(C)(4), three days shall be added to the prescribed period." However, "the three-day mail rule in App.R. 14(C) is inapplicable to applications for reconsideration." *State v. Panezich*, 7th Dist. Mahoning No. 17 MA 0087, 2018-Ohio-3974, ¶ 2, citing, *e.g.*, *Summitcrest, Inc. v. Eric Petroleum Corp.*, 7th Dist. Columbiana No. 12 CO 0055, 2016-Ohio-3381, ¶ 4. This is because the trigger for the commencement of the ten-day period is not "service of a notice" but is when "both" the judgment is mailed by the clerk and the clerk makes notation on the docket of the mailing. *Peters v. Tipton*, 7th Dist. Harrison No. 13 HA 10, 2015-Ohio-3307, ¶ 8. In any event, an additional three days would not render Appellant's application timely.

{¶6} Appellant seems to be invoking a "prison mailbox rule"; however, this concept is not recognized in Ohio. *See, e.g., State v. Garrett*, 7th Dist. Belmont No. 06 BE 67, 2007-Ohio-7212, ¶ 12 ("there is no longer a prisoner's mailbox rule in Ohio"); *State v. Harris*, 6th Dist. Erie No. E-04-038, 2005-Ohio-921, ¶ 6 (reconsideration application was not filed when it was delivered to the prison mailroom), applying *State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 85, 555 N.E.2d 966 (1990) (a notice of appeal is not filed in the court when it is delivered to the warden of a prison). "[A]ny document is considered filed when it is filed with the clerk of court, and not when it is placed in the prison mailing system." *State v. Williams*, 157 Ohio App.3d 374, 2004-Ohio-2857, ¶ 12 (8th Dist.) (post-conviction petition). *See also State v. Springs*, 7th Dist. Mahoning No. 97 CA 68 (Mar. 11, 1999), fn.1 (document is filed when it is received by the court, rather than when it is turned over to prison authorities for mailing).

{¶7} Appellant's application for reconsideration is therefore untimely. Consequently, we turn to the rule applicable to delayed reconsideration motions.

{¶8} "For good cause shown, the court, upon motion, may enlarge or reduce the time prescribed by these rules or by its order for doing any act, or may permit an act to be done after the expiration of the prescribed time." App.R. 26(A) (except a notice of appeal or a motion to certify a conflict). However, [e]nlargement of time to file an application for reconsideration or for en banc consideration pursuant to App. R. 26(A) shall not be granted except on a showing of extraordinary circumstances.

**{¶9}** In evaluating the demonstration of extraordinary circumstances, we consider the reasons for the delay and the reasons for the application. "A motion for reconsideration can be entertained even though it was filed beyond the ten-day limitation provided for by the rule if the motion raises an issue of sufficient importance to warrant entertaining it beyond the ten-day limit." *Summitcrest*, 7th Dist. No. 12 CO 0055 at ¶ 5, quoting *State v. Dew*, 7th Dist. No. 08MA62, 2014-Ohio-4042, ¶ 7.

**{¶10}** "In order to prevail on an application for reconsideration, an appellant must demonstrate an obvious error in our decision or that an issue was raised that was either not dealt with or was not fully considered." *State v. Carosiello*, 7th Dist. Columbiana No. 15 CO 0017, 2018-Ohio-860, ¶ 12. "Mere disagreement with this Court's logic and conclusions does not support an application for reconsideration." *Id.* *See also Victory White Metal Co. v. Motel Syst., Inc.*, 7th Dist. No. 04 MA 245, 2005-Ohio-3828, ¶ 2 (the purpose of reconsideration is not to reargue one's appeal based on dissatisfaction with the logic used and conclusions reached by an appellate court); *Hampton v. Ahmed*, 7th Dist. No. 02 BE 66, 2005-Ohio-1766, ¶ 16 ("An application for reconsideration may not be filed simply on the basis that a party disagrees with the prior appellate court decision."). Moreover, it is not a chance to present a new argument to the appellate court. *State v. Wellington*, 7th Dist. No. 14 MA 0115, 2015-Ohio-2095, ¶ 9.

**{¶11}** Appellant's application sets forth three arguments. The state responded, and instead of filing a reply, Appellant attempted to amend his application on October 31, 2022 (the day his reply was due). We note he used the e-filing system. Appellant's amendment attempts to add three new arguments that were not contained in the original untimely application. Appellant demonstrates no obvious error and merely disagrees with our reasoning on suppression and sufficiency, topics that were fully addressed in our opinion. In any event, a reconsideration application amendment to set forth additional grounds is not provided in the rules and is unwarranted, especially since the state already responded to the application. Moreover, Appellant's amendment was attempted without leave of court and without providing good cause or extraordinary circumstances for a further untimely filing. Any implicit request for leave is denied, and Appellant's amendment will not be further addressed. We therefore move to the three arguments addressed in the untimely reconsideration application.

{¶12} First, Appellant claims there was insufficient evidence to support counts five and six (the misdemeanor counts of disseminating matter harmful to juveniles) based on Appellant texting photographs of his penis to a sixteen-year-old boy. *See* R.C. 2907.31(A)(1) ("No person with knowledge of its character or content, shall recklessly * * * Directly sell, deliver, furnish, disseminate, provide, exhibit, rent, or present to a juvenile * * * any material or performance that is obscene or harmful to juveniles"), (F) (misdemeanor if harmful, felony if obscene).

{¶13} Appellant complains we said a rational juror could find he was reckless in believing victim C was 18 years or older in the second section of his second assignment of error. *State v. Boyd*, 7th Dist. Mahoning No. 20 MA 0131, 2022-Ohio-3523, ¶ 67. He points to division (D)(1) of the statute defining the offense, which states: "A person directly sells, delivers, furnishes, disseminates, provides, exhibits, rents, or presents * * * material or a performance to a juvenile * * * by means of an electronic method of remotely transmitting information if the person knows or has reason to believe that the person receiving the information is a juvenile * * *." R.C. 2907.31(D)(1). The trial court instructed the jury using the language in both (A)(1) and (D)(1). (Tr. 770-773). Appellant's brief quoted the definition of recklessness in R.C. 2901.22(C) and argued the state failed to present sufficient evidence that he was reckless as to the victim's age. (Apt.Br. at 19). He asked for a review of recklessness without citing division (D) or arguing recklessness was not an equivalent test. We addressed the argument he raised.

{¶14} In doing so, we quoted the statutory definition of recklessness as disregarding a substantial and unjustifiable risk that circumstances are likely to exist with heedless indifference. *Boyd*, 2022-Ohio-3523 at ¶ 62, citing R.C. 2901.22(C). Additionally, we pointed out the mental state of recklessness involves "good *reason for* expectation or *belief*." (Emphasis added.) *Id.*, citing *State v. Young*, 8th Dist. Cuyahoga No. 85224, 2005-Ohio-3584, ¶ 17, citing Staff Note to R.C. 2901.22(C). Emphasizing circumstantial evidence has the same probative value as direct evidence, we reviewed the evidence showing Appellant had a good reason to believe the recipient of his texts was under 18 years of age, including: the photograph of the victim viewed by the jury from the time of the texts; the fact Appellant engaged in a sexual encounter with the

sixteen-year-old three months before the texts at issue; and the information provided to him by the victim about being in school and having no driver's license. *Id.* at ¶ 63-67.

**{¶15}** Contrary to the suggestion in Appellant's application, we essentially found a rational juror could conclude Appellant had "reason to believe" the recipient of his penis texts was a juvenile as the language is used in R.C. 2907.31(D)(1).[2] Appellant's remaining contentions on counts four and five represent mere disagreement with the logic used in reaching this conclusion.

**{¶16}** Second, Appellant's application for reconsideration contests our conclusion in the third section of his second assignment of error where we ruled the state presented sufficient evidence to support counts seven through fifteen. These counts of illegal use of a minor in nudity-oriented material were based on photographs contained on his hard drive. R.C. 2907.323(A)(3). Contrary to a claim Appellant apparently cut from the case of another defendant ("Osborne"), the trial court instructed on recklessness for these offenses, and this court specifically recognized the mental state of recklessness applied. *Boyd*, 2022-Ohio-3523 at ¶ 68, citing *State v. Young*, 37 Ohio St.3d 249, 252, 525 N.E.2d 1363 (1988), paragraph three of syllabus; (Tr. 773-781, citing 769-770).

**{¶17}** As to the argument Appellant presented on appeal, we agreed the Ohio Supreme Court construed the statute as prohibiting nudity only "where such nudity constitutes a lewd exhibition or involves a graphic focus on the genitals * * *." *Id.* at ¶ 69, quoting *Young,* 37 Ohio St.3d at 252. We then concluded some rational juror could find this test satisfied. *Id.* at ¶ 70-75. Appellant's application for reconsideration simply disagrees with our conclusion and logic.

**{¶18}** Third, Appellant's application for reconsideration argues this court erroneously rejected his suppression argument on the initial search of his social media data as set forth in his first assignment of error of his brief. He contends there was only

---

[2] Appellant also cites division (D)(2), which states a "person remotely transmitting information by means of a method of mass distribution" does not violate the "directly sell, deliver [etc.]" provision if: (a) the sender has inadequate information to know or have reason to believe a particular recipient is a juvenile or (b) the method of mass distribution does not provide the ability to prevent a particular recipient from viewing the information. R.C. 2307.31(D)(2). Appellant did not transmit the information by means of a method of mass distribution but directly texted one phone number he was given by the phone user. In any event his application relies on (a), and because we found he had good reason to believe the recipient was a juvenile, our reasoning and conclusion necessarily rejected any theory that Appellant had "inadequate information to * * * have reason to believe" victim C was a juvenile.

probable cause to search his Instagram account for specific communications with the one juvenile who reported him to the police. He cites an out-of-state appellate case, which is not binding (and is an unpublished opinion restricted from being cited in that state by Cal.Rules of Court, Rule 8.1115). *See People v. Osejo*, Cal.App. No. A143092, 2017 WL 2351439 (May 31, 2017). In any event, the case is distinguishable as those officers only had evidence of the defendant's illegal conduct toward one child.

**{¶19}** The indictment in this case did not contain charges for providing illegal products to minors, but this was the basis for the initial investigation. As we explained, the police had evidence that Appellant's conduct involved more than the first-reporting juvenile. *Boyd*, 2022-Ohio-3523 at ¶ 13-22. This fifteen-year-old's father contacted police upon intercepting messages about juveniles obtaining alcohol and tobacco from Appellant (posing as his son to extract information from a juvenile asking his son to go with him to Appellant's house for illegal items). The police were provided with screenshots of conversations involving the second juvenile's incrimination of Appellant. The first-reporting juvenile then admitted Appellant bought him alcohol and tobacco products, and the police were given screenshots of messages from Appellant setting up the illegal deliveries.

**{¶20}** Furthermore, they were provided a screenshot of a message from the first-reporting juvenile to a friend revealing Appellant provided him rides and free items while asking the juvenile to submit to fellatio. Appellant asked this juvenile to delete messages, which the juvenile did as to some communications. Regardless of the officer's final suppression hearing statement on probable cause for importuning or soliciting, the first-reporting juvenile personally disclosed to the police officer that Appellant asked if he could perform fellatio on the child, and as we pointed out, importuning is committed by a mere request of sexual conduct to a child of this age without involving soliciting sex for hire. *Boyd*, 2022-Ohio-3523 at fn.2, citing R.C. 2907.07.[3] In addition, the police were provided screenshots of a conversation showing another juvenile was complaining to the reporting

---

[3] In the context of the importuning offense, "just asking" is sufficient to constitute the solicit element. *See generally State v. Thompson*, 95 Ohio St.3d 264, 2002-Ohio-2124, 767 N.E.2d 251, ¶ 7. Courts have adopted the Ohio Jury Instructions, which define the solicit element for importuning as "to seek, to ask, to influence, to invite, to tempt, to lead on, or to bring pressure to bear. *State v. Knight*, 6th Dist. Erie No. E-21-017, 2022-Ohio-1787, ¶ 61; *State v. Petty*, 10th Dist. Franklin No. 15AP-950, 2017-Ohio-1062, ¶ 77.

juvenile of their own experience with Appellant requesting nude pictures in exchange for a ride, offering to provide help in exchange for nude cleaning services, and asking for sex via a threesome.

**{¶21}** We rejected Appellant's initial suppression argument presented in Appellant's brief by finding the initial search warrant was not overbroad but rather was as specific as the circumstances allowed, with probable cause supporting a search of the social media data at issue for the limited two-month date range. *Id.* at ¶ 21-22. Appellant disagrees with our conclusion and logic, but there is no obvious error or failure to address an issue presented for review.

**{¶22}** For the foregoing reasons, Appellant's application is untimely, and the issues presented are not compelling or of sufficient importance to waive the deadline for reconsideration. Even assuming arguendo the delay during mailing constituted an extraordinary circumstance itself and we exercise our discretion to excuse the untimely filing, reconsideration is not warranted in this case.


**JUDGE CAROL ANN ROBB**

**JUDGE GENE DONOFRIO**

**JUDGE CHERYL L. WAITE**


## NOTICE TO COUNSEL

**This document constitutes a final judgment entry.**