[Cite as *Calo v. Black*, 2024-Ohio-329.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| DENNIS CALO and DONALD RICHARD | JUDGES: Hon. W. Scott Gwin, P.J. Hon. John W. Wise, J. |
| Petitioners | Hon. Andrew J. King, J. |
| -vs- | Case No. 2023 CA 0062 |
| WARDEN KENNETH BLACK | O P I N I O N |
| Respondent | |

CHARACTER OF PROCEEDING:       Writ of Habeas Corpus

JUDGMENT:       Dismissed

DATE OF JUDGMENT ENTRY:       January 31, 2024

APPEARANCES:

For Petitioners                                    For Respondent

DENNIS CALO, PRO SE                  DAVE YOST
DONALD RICHARD, PRO SE            OHIO ATTORNEY GENERAL
RICHLAND CORR. INSTITUTION      KATHERINE E. MULLIN
1001 Olivesburg Road                     SENIOR ASSISTANT AG
Mansfield, Ohio  44905                    30 East Broad Street, 23rd Floor
                                                        Columbus, Ohio  43215-6001

*Wise, J.*

{¶1}   On November 2, 2023, Petitioners Dennis Calo and Donald Richard filed a Petition for Writ of Habeas Corpus. On November 20, 2023, Respondent Warden Kenneth Black filed a Motion to Dismiss/Motion for Summary Judgment. Petitioners filed an untimely Motion in Opposition to Respondent's Motion for Summary Judgment and/or Petitioners (sic) Motion for Summary Judgment on January 16, 2024.[1] For the following reasons, Respondent's Motion to Dismiss is granted.

## I.          FACTS AND PROCEDURAL HISTORY

{¶2}   On April 27, 1984, Petitioner Dennis Calo was sentenced to life in prison following his convictions in Cuyahoga Case No. 186387. Calo asserts that he did not receive a mandatory "half-time" review of his continued time in 2004, and thereby custody over the paroling procedures for him were waived in 2004 resulting in his alleged wrongful imprisonment.

{¶3}   On May 7, 1987, Petitioner Donald Richard was sentenced to life in prison following convictions in Cuyahoga Case No. 215283. Like Calo, Richard also asserts that he should have been provided a mandatory "half-time" review in 2005 and thereby custody over the paroling procedures were waived in 2005 resulting in his alleged wrongful imprisonment.

---

[1] On December 14, 2023, Petitioners filed a Motion for Enlargement of Time and Notice to the Court of Notary Interference at the Richland County Correctional Institution. The Court granted Petitioners' request for an extension on December 18, 2023, ordering Petitioners' response due on or before January 11, 2024. Petitioners filed their response four days late and therefore, we will only consider the late response as it pertains to Respondent's Motion to Dismiss. We decline to address Petitioners' summary judgment motion because it is untimely and because we are granting Respondent's Civ.R. 12(B)(6) motion.

**{¶4}** Petitioners ask this Court to issue a writ of habeas corpus because the Ohio Department of Rehabilitation and Corrections allegedly refuses to perform its statutory duties. Petitioners claim they were denied lawfully mandated parole board hearings, including the hearing under O.A.C. 5120:1-1-20(F)(1), as this code section existed on the date of the commission of their respective offenses for which they were subsequently convicted. Finally, Petitioners request that we certify a class action under Civ.R. 23. That request will be addressed in a separate Judgment Entry issued simultaneously with this opinion.

## II. CIV.R. 12(B) (6) STANDARD AND HABEAS CORPUS ELEMENTS

**{¶5}** Respondent Black filed a Motion to Dismiss/Motion for Summary Judgment. We will address Respondent's motion only as it pertains to Civ.R. 12(B)(6) because we find the petition fails to state a claim for habeas relief.

**{¶6}** The purpose of a Civ.R. 12(B)(6) motion is to test the sufficiency of the complaint. *State ex rel. Boggs v. Springfield Loc. School Dist. Bd. of Edn.*, 72 Ohio St.3d 94, 95, 647 N.E.2d 788 (1995). In order for a case to be dismissed for failure to state a claim, it must appear beyond doubt that, even assuming all factual allegations in the complaint are true, the nonmoving party can prove no set of facts that would entitle that party to the relief requested. *Keith v. Bobby*, 117 Ohio St.3d 470, 2008-Ohio-1443, 884 N.E.2d 1067, ¶ 10.

**{¶7}** If a petition does not satisfy the requirements of a properly filed petition for writ of habeas corpus or does not present a facially viable claim, it may be dismissed on motion by the respondent or sua sponte by the court. *Flora v. State*, 7th Dist. Belmont No. 04 BE 51, 2005-Ohio-2383, ¶ 5. Finally, we are permitted to consider material

incorporated within a complaint as part of that pleading, without having to convert the matter to a summary judgment proceeding. *See Boyd v. Archdiocese of Cincinnati*, 2d Dist. Montgomery No. 25950, 2015-Ohio-1394, ¶ 14 ("Material incorporated in a complaint may be considered part of the complaint for purposes of determining a Civ.R. 12(B)(6) motion to dismiss.")

{¶8} "To be entitled to a writ of habeas corpus, a petitioner must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement." *State ex rel. Whitt v. Harris*, 157 Ohio St.3d 384, 2019-Ohio-4113, 137 N.E.3d 71, ¶ 6, citing R.C. 2725.01; *State ex rel. Cannon v. Mohr*, 155 Ohio St.3d 213, 2018-Ohio-4184, 120 N.E.3d 776, ¶ 10. "[A]n inmate is not usually eligible for habeas relief until his maximum sentence has expired." [Citation omitted.] *Pence v. Bunting*, 143 Ohio St.3d 532, 2015-Ohio-2026, 40 N.E.3d 1058, ¶ 9. Finally, habeas corpus is not available when an adequate remedy at law exists. *Billiter v. Banks*, 135 Ohio St.3d 426, 2013-Ohio-1719, 988 N.E.2d 556, ¶ 8. (Citations omitted.)

### III.    ANALYSIS

*A.  Petitioners are not entitled to immediate release from prison and therefore, cannot state a claim for habeas relief.*

{¶9} Petitioners claim the Ohio Parole Board misapplied the Ohio Administrative Code and failed to provide them with "mandatory half-time review" for parole board hearings entitling them to release from prison. Habeas corpus is generally appropriate in the criminal context only if the prisoner is entitled to immediate release from prison. *Douglas v. Money*, 85 Ohio St.3d 348, 349, 708 N.E.2d 697 (1999). "[N]on-jurisdictional errors afford no basis for issuing the writ. * * * Although the writ is available to parties who unlawfully are deprived of their liberty, it is unavailable to those deprived of their freedom

pursuant to a lawful criminal sentence." *Stahl v. Shoemaker*, 50 Ohio St.2d 351, 354, 364 N.E.2d 286 (1977).

{¶10} Petitioners have no constitutional right to parole. *State ex rel. Henderson v. Ohio Dept. of Rehab. & Corr.*, 81 Ohio St.3d 267, 690 N.E.2d 887. As such, there is no constitutional or statutory right to earlier consideration of parole. *State ex rel. Vaughn v. Ohio Adult Parole Auth.*, 85 Ohio St.3d 378, 379, 708 N.E.2d 720 (1999). Mandatory half-time review of parole does not equate to a legal right to release from prison, which Petitioners need to establish to be entitled to habeas relief.

{¶11} The Ohio Administrative Code section referenced by Petitioners, O.A.C. 5120:1-1-20, merely addresses the timing of parole hearings, it does not entitle them to release from prison before they serve their maximum sentences, i.e. life in prison.

{¶12} Therefore, because Petitioners are not entitled to immediate release from prison they cannot state a claim for habeas relief.

### B. No ex post facto violation exists entitling Petitioners to immediate release from prison.

{¶13} Petitioners also contend they were entitled to mandated parole board hearings, under O.A.C. 5120:1-1-20(F)(1), as that code section existed on the date of the commission of the offenses for which they were convicted. The Ex Post Facto Clause of the Constitution prohibits any law that increases the punishment for a crime beyond the punishment prescribed for the crime when it was committed. *California Dept. of Corrections v. Morales*, 514 U.S. 499, 504, 115 S.Ct. 1597, 131 L.Ed.2d 588 (1995). The issue in ex post facto cases involves whether the amendment to a particular law "produces a sufficient risk of increasing the measure of punishment attached to the

covered crimes." *Shabazz v. Gabry*, 123 F.3d 909, 913 (6th Cir.1997), *cert denied*, 522 U.S. 1120, 118 S.Ct. 1061, 140 L.Ed.2d 122 (1998).

**{¶14}** Under R.C. 2967.03, parole decisions are discretionary. *State ex rel. Blake v. Shoemaker*, 4 Ohio St.3d 42, 43, 446 N.E.2d 169 (1983). In *State ex rel. Henderson v. Ohio Dept. of Rehab. and Corr.*, 81 Ohio St.3d 267, 690 N.E.2d 887, the Ohio Supreme Court held the application of new administrative rules that changed an inmate's parole eligibility date did not constitute an ex post facto imposition of punishment. *Id.* at 268. The Court reasoned because the inmate had no constitutional right to parole, the inmate had no similar right to earlier consideration for parole. *Id.*

**{¶15}** Further, in *State ex rel. Bealler v. Ohio Adult Parole Auth.*, 91 Ohio St.3d 36, 740 N.E.2d 1100 (2001), the Ohio Supreme Court specifically held that a prisoner has no right to rely on the parole guidelines in effect prior to his parole hearing date, and, thus, any application of amended parole guidelines are not retroactively applied ex post facto. *Id.* at ¶ 37.

**{¶16}** "Simply put, an inmate has no vested interest in any particular set of parole guidelines, regulations, or matrices which assist the Parole Board in exercising its discretion, and changes in those matters do not impair any rights enjoyed by state prisoners pursuant to the United States Constitution." (Citations omitted.) State ex rel. Harris v. Hageman, 10th Dist. Franklin No. 10AP-979, 2013-Ohio-669, ¶ 15.

**{¶17}** Here, Petitioners were not deprived of any protected liberty interest when the Ohio Parole Board used guidelines different than those in effect at the time they committed their crimes. Because there is no ex post facto violation Petitioners cannot state a claim for habeas relief.

IV.     CONCLUSION

**{¶18}**  For the foregoing reasons, we grant Respondent's Motion to Dismiss under Civ.R.12(B)(6). Petitioners cannot state a claim entitling them to habeas relief.

**{¶19}**  The clerk of courts is hereby directed to serve upon all parties not in default notice of this judgment and its date of entry upon the journal. *See* Civ.R. 58(B).

**{¶20}**  MOTION TO DISMISS GRANTED.

**{¶21}**  CAUSE DISMISSED.

**{¶22}**  COSTS TO PETITIONERS.

**{¶23}**  IT IS SO ORDERED.

By: Wise, J.

Gwin, P. J., and

King, J., concur.

JWW/ac 0124