[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Calo v. Stuff*, Slip Opinion No. 2024-Ohio-5167.]

<u>NOTICE</u>

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2024-OHIO-5167

CALO, APPELLANT, *v.* STUFF, WARDEN,[1] APPELLEE.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *Calo v. Stuff*, Slip Opinion No. 2024-Ohio-5167.]**

*Habeas corpus—A convicted inmate may not rely on former parole guidelines that were no longer effective by the time of the inmate's parole hearing, even if those guidelines would have provided for earlier consideration of parole— A document is not considered filed in an Ohio court until deposited with the clerk of court—Inmate can prove no set of facts that would entitle him to immediate release from prison—Court of appeals' dismissal of petition affirmed.*

(No. 2024-0366—Submitted September 3, 2024—Decided October 30, 2024.)

APPEAL from the Court of Appeals for Richland County,

No. 2023 CA 0062, 2024-Ohio-329.

_____

1. Calo's complaint named Kenneth Black, then the warden of Richland Correctional Institution, as respondent. Angela Stuff has replaced Black as the warden there and is automatically substituted for Black as appellee in this case. *See* S.Ct.Prac.R. 4.06(B).

_____

The per curiam opinion below was joined by FISCHER, DEWINE, DONNELLY, STEWART, BRUNNER, and DETERS, JJ. KENNEDY, C.J., concurred in judgment only.

**Per Curiam.**

{¶ 1} Appellant, Dennis Calo, an inmate at Richland Correctional Institution ("RCI"), appeals the Fifth District Court of Appeals' judgment dismissing his petition for a writ of habeas corpus against RCI's warden. Because Calo's petition fails to state a valid claim for habeas relief, we affirm the court of appeals' judgment. We also deny Calo's motions for judicial notice and "to cease & desist" as well as Calo's motions to strike the warden's filings.

## I. BACKGROUND

{¶ 2} In November 2023, Calo filed a habeas corpus petition in the Fifth District Court of Appeals.[2] Calo alleged that in 1984, the Cuyahoga County Common Pleas Court sentenced him to a prison term of 15 years to life for his convictions for aggravated murder and aggravated robbery. Currently in the warden's custody at RCI, Calo claims that he is wrongfully imprisoned because the Ohio Parole Board has misapplied parole regulations. He seeks his immediate release from confinement.

{¶ 3} The warden filed a combined motion to dismiss and for summary judgment. The Fifth District determined that Calo cannot state a claim for habeas relief because he is not entitled to immediate release from prison. 2024-Ohio-329,

---

2. Fellow RCI inmate Donald Richard was a second petitioner named in Calo's petition and joined Calo on the notice of appeal to this court. We previously found Richard to be a vexatious litigator. 2011-Ohio-6027. On March 13, 2024, we denied Richard leave to proceed and struck his name from the notice of appeal. 2024-Ohio-912.

¶ 12 (5th Dist.). The court therefore granted the warden's motion to dismiss Calo's petition under Civ.R. 12(B)(6).

{¶ 4} Calo appealed to this court as of right and has multiple motions pending.

## II. ANALYSIS

### A. Pending Motions

{¶ 5} Calo has filed a motion to strike the warden's merit brief and a motion to strike the warden's responses to two of Calo's motions for judicial notice. Calo's motion to strike the warden's merit brief alleges that it is "filled with lies, falsehoods, and intentionally concocted claims . . . constituting a 'crimi[n]al tool' to mislead this court." Calo also accuses the warden's counsel of committing a "fraud on the court." Calo cites no evidence to substantiate these accusations, and the assertions in his motions are highly improper for a motion to strike another party's court filing. Therefore, we deny Calo's motions to strike.

{¶ 6} Calo's motion "to cease & desist" reads as a reply brief in that it asserts arguments on the merits of his petition and appeal. Therefore, the motion is untimely and will not be considered. *See* S.Ct.Prac.R. 3.03(B)(1) (general prohibition against extensions of time).

{¶ 7} Finally, regarding Calo's multiple motions for judicial notice, a court may take judicial notice only of "adjudicative facts; i.e., the facts of the case," Evid.R. 201(A). "A judicially noticed fact must be one not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned." Evid.R. 201(B). Calo's requests fail to meet this standard and are therefore denied.

### B. First Proposition of Law

{¶ 8} To be entitled to a writ of habeas corpus, a prisoner must establish that he is being unlawfully restrained of his liberty, that he is entitled to immediate

release from confinement, and that he has no adequate remedy in the ordinary course of the law. *McDougald v. Bowerman*, 2020-Ohio-3942, ¶ 7. A writ of habeas corpus is generally available only when the prisoner's maximum sentence has expired and he is being held unlawfully, *Heddleston v. Mack*, 1998-Ohio-320, ¶ 6, or when the sentencing court patently and unambiguously lacked subject-matter jurisdiction, *Stever v. Wainwright*, 2020-Ohio-1452, ¶ 8. We review de novo a court of appeals' dismissal of a habeas petition under Civ.R. 12(B)(6). *State ex rel. Norris v. Wainwright*, 2019-Ohio-4138, ¶ 5.

**{¶ 9}** Calo does not contend that his maximum sentence, life imprisonment, has expired. He instead claims, in support of his first proposition of law, that he is entitled to immediate release from prison because he did not receive a "mandatory 'half-time' review" of his parole eligibility in 2004, citing a previous version of Adm.Code 5120:1-1-20. Calo further claims that since 2010, he has had "three fraudulent parole release consideration hearings" in that the parole board failed to apply the parole guidelines that were in effect on the date his offenses were committed.

**{¶ 10}** This is not the first time that Calo has relied on these arguments in seeking extraordinary relief. *See, e.g.*, *State ex rel. Richard v. Mohr*, 2013-Ohio-1471 (affirming dismissal of Calo's mandamus petition). As we stated in *Richard*, "Ohio law gives a convicted inmate 'no legitimate claim of entitlement to parole prior to the expiration of a valid sentence of imprisonment.'" *Id*. at ¶ 5, quoting *State ex rel. Seikbert v. Wilkinson*, 69 Ohio St.3d 489, 490 (1994); *State ex rel. Holman v. Collins*, 2020-Ohio-874, ¶ 8, quoting *Seikbert* at 490. Moreover, a convicted inmate has no right to rely on former parole guidelines that were no longer effective by the time of the inmate's parole hearing, even if those guidelines would have provided for earlier consideration of parole. *See State ex rel. Henderson v. Dept. of Rehab. & Corr.*, 1998-Ohio-631, ¶ 4-6.

{¶ 11} Neither the alleged failure of the Ohio Parole Board to conduct a "mandatory 'half-time' review" of Calo's parole eligibility nor the board's application of parole guidelines that were in effect on the date of his parole hearings, rather than the date of his offenses, would entitle Calo to immediate release from prison. Thus, it appears beyond doubt that Calo can prove no set of facts entitling him to the requested writ of habeas corpus, and we uphold the Fifth District's dismissal of his petition under Civ.R. 12(B)(6) for failure to state a claim. *See McDougald*, 2020-Ohio-3942, at ¶ 8.

{¶ 12} We conclude that Calo's first proposition of law lacks merit.

### C. Second Proposition of Law

{¶ 13} The court of appeals ordered Calo to file a response to the warden's motion to dismiss and for summary judgment on or before January 11, 2024, but Calo's response was filed with the clerk of court four days late. 2024-Ohio-329 at ¶ 1, fn. 1 (5th Dist.). As his second proposition of law, Calo contends that his response arrived at the prison mailroom on January 4, but that it was not processed out of the prison until January 11, the date his response was due. He asserts that the Fifth District violated his rights to due process and equal protection by not considering his filing because the reason for its untimeliness was excusable neglect. However, the court of appeals did consider Calo's response as it pertained to the warden's motion to dismiss, even though the response was untimely. *Id*. Therefore, the premise of Calo's assertion that the court of appeals violated his constitutional rights has no merit.

{¶ 14} In support of his second proposition of law, Calo also invokes the "prison-mailbox rule" established by *Houston v. Lack*, 487 U.S. 266 (1988). In *Houston*, the United States Supreme Court interpreted federal procedural rules and held that a pro se prisoner's notice of appeal was filed when it was delivered to the prison authorities for mailing. *Id*. at 270. This filing rule is not recognized in Ohio. *See State ex rel. Tyler v. Alexander*, 52 Ohio St.3d 84, 84-85 (1990). Rather, a

document is not considered filed in an Ohio court until it is deposited with the clerk of court. *See Zanesville v. Rouse*, 2010-Ohio-2218, ¶ 7, *vacated in part on reconsideration on other grounds*, 2010-Ohio-3754; *see also, e.g.*, *State v. Boyd*, 2022-Ohio-4749, ¶ 6 (7th Dist.); *State v. Williams*, 2004-Ohio-2857, ¶ 12 (8th Dist.).

{¶ 15} We conclude that Calo's second proposition of law lacks merit.

### D. Third and Fourth Propositions of Law

{¶ 16} As his third and fourth propositions of law, Calo asserts that he was denied a fair, impartial, and unbiased tribunal and that by granting the warden's motion to dismiss, the Fifth District participated in organized crime and concealed a public conspiracy. "[A] judge's adverse rulings, even erroneous ones, are not evidence of bias or prejudice." *In re Disqualification of Fuerst*, 2012-Ohio-6344, ¶ 14. As stated above, Calo's petition fails to state a claim for habeas relief. Thus, nothing about the dismissal of his petition under Civ.R. 12(B)(6) suggests that the dismissal resulted from bias. *See State ex rel. Pratt v. Weygandt*, 164 Ohio St. 463 (1956), paragraph four of the syllabus (defining "bias" as "a hostile feeling or spirit of ill will or undue friendship or favoritism toward one of the litigants or his attorney, with the formation of a fixed anticipatory judgment on the part of the judge").

{¶ 17} We reject Calo's third and fourth propositions of law.

### III. CONCLUSION

{¶ 18} Based on the foregoing, we deny Calo's motions to strike, deny his motions for judicial notice, and deny his motion to cease and desist, and we affirm the judgment of the Fifth District Court of Appeals.

Judgment affirmed.

_____

Dennis Calo, pro se.

Dave Yost, Attorney General, and Katherine E. Mullin, Assistant Attorney

General, for appellee.

_____