[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mora v. Watson*, Slip Opinion No. 2025-Ohio-559.]

NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2025-OHIO-559

THE STATE EX REL. MORA, APPELLANT, *v.* WATSON, WARDEN, APPELLEE.

[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. Mora v. Watson*, Slip Opinion No. 2025-Ohio-559.]

*Habeas corpus—Sentencing entries unambiguously sentence appellant to serve eight years in prison—Appellant does not claim that his eight-year prison term has expired—Court of appeals' judgment dismissing petition affirmed.*

(No. 2024-1070—Submitted January 7, 2025—Decided February 25, 2025.)

APPEAL from the Court of Appeals for Marion County, No. 9-24-15.

_____

The per curiam opinion below was joined by KENNEDY, C.J., and FISCHER, DEWINE, BRUNNER, DETERS, HAWKINS, and SHANAHAN, JJ.

**Per Curiam.**

{¶ 1} Appellant, Donald Mora, is currently incarcerated at the North Central Correctional Complex. He filed a petition for a writ of habeas corpus in the Third

District Court of Appeals against appellee, Tom Watson, the warden of the institution, alleging that his sentence was ambiguous and had expired. Watson filed a motion to dismiss, which the court of appeals granted. Mora appeals. Because Mora has not stated a claim cognizable in habeas corpus, we affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

{¶ 2} Mora states that he was arrested in September 2019 for multiple criminal charges and has been held in either jail or prison ever since. In 2020 and 2021, Judge Joyce Kimbler of the Medina County Court of Common Pleas ("trial court") sentenced him for 22 felony convictions in five separate criminal cases. No single sentencing entry states the combined prison term that Mora was sentenced to serve, but a review of the entries shows that Mora was sentenced to serve eight years. In the first case (case No. 18CR0448), the trial court sentenced Mora to an aggregate sentence of 18 months. In the second case (case No. 18CR0725), it sentenced him to an aggregate sentence of 18 months, to be served consecutively to the earlier sentence. In the next two cases, (case Nos. 18CR0746 and 18CR0764) the trial court imposed aggregate sentences of 18 months and 12 months, with both sentences to be served concurrently with the previous two sentences. In the final case (case No. 19CR0439), the trial court sentenced Mora to an aggregate sentence of five years, "to be served consecutively to [the sentences imposed in case Nos.] 18CR0448 and 18CR0725 but concurrently with [the sentences imposed in case Nos.] 18CR0746 and 18CR0764." In sum, the trial court sentenced Mora to a total of eight years of actual prison time: five years in case No. 19CR0439, to be served consecutively to the 18 month sentence imposed in case No. 18CR0725 and consecutively to the 18 month sentence imposed in case No. 18CR0448 (with the two 18-month sentences to be served consecutively to each other). The sentencing entry in each case also awarded Mora jail-time credit: 411 days in case No. 18CR0448, 274 days in case No. 18CR0725, 337 days in case No. 18CR0746, 337 days in case No. 18CR0764, and 175 days in case No. 19CR0439.

**{¶ 3}** In April 2024, Mora filed his petition for a writ of habeas corpus in the Third District seeking his immediate release from prison. He claimed that the "convoluted complexity of concurrent and consecutive sentences" had led to his being held beyond his maximum sentence and that he should have been released in either August 2023 or February 2024. Watson filed a Civ.R. 12(B)(6) motion to dismiss, which the court of appeals granted. Mora appealed as of right.

## II. LEGAL ANALYSIS

### A. *Mora included his commitment papers and inmate-account statement with his petition*

**{¶ 4}** Watson argues that the court of appeals' dismissal was proper because Mora did not include with his petition the sentencing entry for one of his criminal cases, case No. 18CR0448. *See* R.C. 2725.04(D) (petition for writ of habeas corpus generally must include a copy of the commitment papers); *Gomez v. Bennett*, 2021-Ohio-2797, ¶ 6 (habeas corpus petitioner's failure to include a copy of the commitment or cause of detention as required by R.C. 2725.04(D) is generally fatal to habeas claim). He also argues that the dismissal was proper because Mora did not include with his petition a statement showing the balance of his inmate account for the previous six months, as Mora was required to do when filing his petition in the Third District. *See* R.C. 2969.25(C) (when filing in the court of appeals, an inmate seeking a waiver of the filing fee in a civil action against a government employee must submit with his petition a statement that sets forth the balance in the inmate's account for each of the preceding six months); *State ex rel. Arroyo v. Sloan*, 2015-Ohio-2081, ¶ 4 (habeas petitioner's failure to comply with R.C. 2969.25(C) in the court of appeals subjects the petition to dismissal); *see also State ex rel. Evans v. Tieman*, 2019-Ohio-2411, ¶ 8-9 (R.C. 2969.25's filing requirements apply to original actions filed in the courts of appeals, but not the supreme court). Watson raised these arguments in the court of appeals, but the court of appeals did not address them in its decision.

**{¶ 5}** The record contains a copy of the judgment entry in case No. 18CR0448. It also contains a copy of Mora's inmate-account statement. The filings were time-stamped one minute after Mora's petition. We therefore reject Watson's arguments regarding the sentencing entry and inmate-account statement.

*B. The court of appeals properly dismissed Mora's petition*

**{¶ 6}** "This court reviews de novo a lower court's dismissal of a habeas corpus petition under Civ.R. 12(B)(6)." *Orr v. Schweitzer*, 2021-Ohio-1786, ¶ 4. "Dismissal is appropriate if it appears beyond doubt from the petition, after presuming all factual allegations to be true and making reasonable inferences in the petitioner's favor, that the petitioner can prove no set of facts entitling him to extraordinary relief in habeas corpus." *Id.*

**{¶ 7}** To be entitled to a writ of habeas corpus, Mora must show that he is being unlawfully restrained of his liberty and that he is entitled to immediate release from prison or confinement. *State ex rel. Davis v. Turner*, 2021-Ohio-1771, ¶ 8. Generally, a writ of habeas corpus is available only if the petitioner's maximum sentence has expired or the judgment of the sentencing court is void for lack of jurisdiction. *See Calo v. Stuff*, 2024-Ohio-5167, ¶ 8. Mora argues only that his maximum sentence has expired.

**{¶ 8}** Mora does not argue that he has served eight years in prison, less his jail-time or other credit. Rather, he argues that the sentencing entry in case No. 19CR0439 "created a legal impossibility and should be considered ambiguous." In his words, if the sentence in case No. 19CR0439 "is to be served concurrently (at the same time) with Case No. 18CR0746 and Case No. 18CR0764, it cannot be served consecutively (after) with Case No. 18CR0448 and Case No. 18CR0725. . . . The only way [Mora] could serve the imposed sentence would be to serve it twice . . . ." He argues that the five-year sentence in case No. 19CR0439 must run concurrently with the sentences in the other four cases, effectively arguing that he

was sentenced to a total of five years. He claims that he should have been released in August 2023.

**{¶ 9}** The sentencing entry in case No. 19CR0439, however, unambiguously sentenced Mora to serve the sentence in that case *consecutively* to the sentences imposed in case Nos. 18CR0448 and 18CR0725, and in total, the sentencing entries unambiguously sentenced Mora to serve eight years in prison. Thus, Mora's prison term has not expired. Moreover, to the extent that Mora complains of a sentencing error, "'sentencing errors are not jurisdictional and thus are not cognizable in habeas corpus.' " *Dunkle v. Dept. of Rehab. & Corr.*, 2017-Ohio-551, ¶ 8, quoting *State ex rel. O'Neal v. Bunting*, 2014-Ohio-4037, ¶ 13. Rather, Mora had an adequate remedy in the ordinary course of the law through direct appeal to challenge an alleged improper sentence, *see id.* at ¶ 9, and "[t]he availability of adequate remedies in the ordinary course of the law, even if those remedies were not sought or were unsuccessful, precludes the issuance of a writ of habeas corpus," *id.*

**{¶ 10}** Mora also argues that the ambiguity of his sentences affects his jail-time credit. He argues that his jail-time credit in case No. 18CR0448 should be applied in all his other cases, and if it is so applied, he claims, his maximum sentence expired in February 2024. As discussed above, Mora's sentencing entries were not ambiguous. But even if they were, "jail-time credit is offense specific: It applies only to the sentence corresponding to the offense for which the prisoner was confined before receiving that sentence," *State ex rel. Moody v. Dir., Ohio Bur. of Sentence Computation*, 2024-Ohio-5231, ¶ 9; *accord* R.C. 2967.191(A). "Accordingly, the jail-time credit a prisoner earns from his confinement for a criminal offense for which he was sentenced in one case does not apply against the prisoner's sentence imposed for a different criminal offense in a different case." *Moody* at ¶ 9. Mora's claim that his jail-time credit in one case should be applied in his other cases has no merit.

**{¶ 11}** Mora has not claimed that his maximum sentence of eight years has expired.

### III. CONCLUSION

**{¶ 12}** Mora has not stated a claim that would entitle him to a writ of habeas corpus. We conclude that the Third District Court of Appeals correctly granted appellee's motion to dismiss, and we affirm the court of appeals' judgment dismissing Mora's petition.

Judgment affirmed.

_____

Donald E. Mora, pro se.

Dave Yost, Attorney General, and Stephanie L. Watson, Assistant Attorney General, for appellee.

_____